DONALD ADAMS, PLAINTIFF-APPELLANT, v. JOHN GOLD-
NER, THOMAS HIGHTON, DIRECTOR OF THE DEPART-
MENT OF PUBLIC SAFETY, HARRISON C. HULTMAN,
DIRECTOR OF THE DEPARTMENT OF REVENUE AND
FINANCE, ROBERT McKECHNIC, SUPERVISOR OF AC-
COUNTS, ALL OF THE CITY OF UNION CITY, AND THE
CITY OF UNION CITY, A MUNICIPAL CORPORATION,
DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 10, 1978—Decided February 3, 1978.

Before Judges LYNCH, BISCHOFF and KOLE.

*Mr. Victor P. Mullica* argued the cause for appellant.

*Mr. Edward J. Lynch,* Corporation Attorney, argued the cause for respondents Highton, Hultman, McKechnic and the City of Union City.

*Mr. Robert L. Garibaldi* argued the cause for respondent Goldner (*Messrs. Burke, Sheridan & Hourigan,* attorneys).

A joint brief was filed by *Messrs. Lynch and Burke, Sheridan & Hourigan,* on behalf of all respondents.

PER CURIAM. Plaintiff, a taxpayer in Union City, appeals from a judgment dismissing his complaint in lieu of prerogative writs which sought, in essence, to invalidate the promotion of defendant Goldner, a policeman in that city, to the position of sergeant, to prevent the payment of the increased salary flowing from the promotion, and to compel Goldner to repay to the municipality all sums of money paid to him in excess of his salary prior to the promotion. Goldner had been promoted on January 3, 1977, purportedly to fill a "vacancy" which allegedly was created when, on April 2, 1976, Sergeant Kenneth Roberts was discharged from the force following a departmental hearing on various charges.

The ordinance of the city permitted 16 sergeant positions and, if there was in fact no vacancy, Goldner's appointment would be the seventeenth and would thus violate the ordinance. The trial judge held that since Roberts had been dismissed at the time of Goldner's appointment, there was a vacancy and the appointment was therefore valid.

On appeal plaintiff contends that there was no vacancy because Roberts appealed his dismissal to the Civil Service Commission and, pursuant to *N. J. S. A.* 11:22–38, the dismissal had not become effective because at the time of Goldner's appointment it had not been approved by the Civil Service Commission. That statute provides: "The action of the appointing authority ordering or directing such removal, discharge, fine or reduction shall not take effect until approved by order of the commission." The statutory language is clear. Since Roberts' dismissal had not been approved by the Civil Service Commission at the time of Goldner's appointment, there was no vacancy to which he could have been appointed. The appointment was therefore invalid.

It is true that on June 21, 1977 the Civil Service Commission appeal affirmed the dismissal. Defendants cite several authorities for the proposition that in the judicial system, where a judgment of the lower court is affirmed on appeal, the effect is to implement the rights of the parties

as they were determined by the trial court at the time of its judgment. Thus defendants quote from *McWilliams v. McWilliams,* 531 *S. W.* 2d 392 (Tex. Civ. App. 1975), where it was said:

Although the parties were prevented from exercising the rights they had obtained in the trial court judgment until it was ultimately affirmed, affirmance of that judgment neither altered those rights nor affected their application from the time they were determined. [at 394]

However, in the judicial system to which defendants refer there was no statute such as *N. J. S. A.* 11:22–38 which stayed the dismissal action and in effect nullified it until it was approved by the Commission. We therefore reverse and hold that Goldner's appointment is invalid. It is set aside.

However, we reject appellant's contention that Goldner should be compelled to repay to the municipality the extra compensation he has received as sergeant. He has been performing the duties of that office and there is no showing of any bad faith, dishonesty or fraud on his part in doing so.

One who becomes a public officer *de facto* without bad faith, dishonesty or fraud on his part, and who renders the services required of such public office, may recover the compensation provided by law for such services during the period of their rendition. *Erwin v. Jersey City,* 60 *N. J. L.* 141, 148–150 (E. & A. 1897). See also, *Jersey City v. Dept. of Civil Service,* 57 *N. J. Super.* 13 (App. Div. 1959), and *O'Connor v. Calandrillo,* 117 *N. J. Super.* 586, 594 (Law Div. 1971), aff'd 121 *N. J. Super.* 135 (App. Div. 1972), *cert.* den. 412 *U. S.* 940, 93 *S. Ct.* 2775, 37 *L. Ed.* 2d 399 (1973). That principle has been codified in *N. J. S. A.* 40A:9–6, which reads as follows:

*De facto officers and employees; right to compensation*

Any person who has held or who may hereafter hold, de facto, any office or position in the public service of any county or municipality, and who has or shall have performed the duties thereof, shall

be entitled to the emoluments and compensation appropriate to such office or position for the time in fact so held and may recover therefor in any court of competent jurisdiction, notwithstanding any refusal or failure of any other person or officer to approve or authorize the payment of said emoluments and compensation.

Plaintiff's contention that Goldner shall repay to the municipality the extra compensation he has received as sergeant is therefore rejected.