715 A.2d 1048 (1997)
314 N.J. Super. 643
In re T.P.D. for an Expungement of Records.
Superior Court of New Jersey, Law Division, Passaic County.
Decided April 18, 1997.
*1049 Raymond F. Slattery, New York City, for petitioner.
Steven E. Braun, Senior Assistant Prosecutor, for the State of New Jersey, (Ronald S. Fava, Passaic County Prosecutor).
ROTHENBERG, J.S.C.
Petitioner is seeking in this application to utilize the expungement provisions of N.J.S.A. 2C:52-1 through -32, to expunge the terms of a plea agreement he had entered into with the State of New Jersey. The plea agreement was incorporated as part of a prior final order of expungement and prohibits the petitioner from "seeking any law enforcement position with any agency." The issue before this court is whether or not T.P.D. may now expunge that provision of his prior expungement.
The background of this petition arises out of the following circumstances: On December 17, 1991, the Honorable Sidney H. Reiss, P.J.Cr., signed a consent order in which pending aggravated assault charges against T.P.D. were dismissed. The order was subject to the terms of a plea agreement that was entered into by the petitioner and the State and provided that: "[T.P.D.] will effective immediately resign from the Hackensack Police Department ... [and T.P.D.] further agrees that he will never again seek any law enforcement position with any agency."
On May 27, 1992, the court signed and entered a Final Order of Expungement that incorporated the terms of the aforesaid plea agreement. It also provided that in response to requests for the records of T.P.D., all departments and agencies shall reply that "there is no record information except as set forth in the attached [plea] agreement which is made a part of the within Order." Petitioner now seeks to expunge that part of his final order of expungement which prevents *1050 him from applying for a position in law enforcement.[1]
The thrust of petitioner's argument is that the statutory scheme established by the Legislature does not explicitly prohibit modification of a previously entered expungement order and thus should be construed, pursuant to N.J.S.A. 2C:52-32, "with the primary objective of providing relief to the one-time offender...." By expunging the unfavorable language in the order, T.P.D. anticipates that the proscription against his applying to law enforcement agencies can be removed, thereby allowing him to be reinstated as a member of the Hackensack Police Department. Before reaching the merits of this contention, however, a cursory review of the statutory background is necessary.
The expungement of a defendant's criminal history entails "the extraction and isolation of all records on file within any court ... or criminal justice agency concerning a person's ... disposition of an offense within the criminal justice system." N.J.S.A. 2C:52-1a. Records are neither modified nor destroyed, but are rather withdrawn from public access and released only when permitted by one of the chapter's narrow statutory exceptions.[2]See State v. A.N.J., 98 N.J. 421, 425, 487 A.2d 324 (1985) (quoting Committee Statement to Senate, No. 3203 (June 18, 1979)). A petition for expungement shall be denied according to the mandates of N.J.S.A. 2C:52-14 when: (a) any statutory prerequisite remains unfulfilled,[3] or (b) the prosecution asserts a special need to maintain the records that outweighs a defendant's interest in obtaining an expungement.[4]
The expungement provisions of Chapter 52 are silent as to whether or not a defendant may take a second bite at the same apple and expunge an expungement. There is no statutory prohibition, but neither is there statutory approval. This court must therefore look to the statutory scheme as a whole and give effect to the legislative intent embodied in Chapter 52.[5]See Fiore v. Consolidated Freightways, 140 N.J. 452, 466, 659 A.2d 436 (1995); State v. A.N.J., 98 N.J. 421, 428, 487 A.2d 324 (1985).
Upon a careful review of the scope, structure, and legislative history of the expungement statutes, N.J.S.A. 2C:52-1 through -32, this court is convinced that the Legislature did not intend to permit a final *1051 order of expungement to be expunged in the same manner as a prior arrest or conviction. Sections 52-2 through 52-6 provide clear statutory criteria for expunging the records of those convicted of indictable offenses, disorderly persons offenses, ordinance violations, and those who are arrested but not convicted. No similar provision is made for modification or expungement of a prior, valid expungement order.[6] The statutory language thus intimates that the Legislature did not contemplate expungement of anything other than a prior arrest or conviction.
Chapter 52 must furthermore be construed in light of its original laudable purpose, to wit, elimination of the collateral consequences imposed upon otherwise law-abiding citizens who have had a minor brush with the criminal justice system. See N.J.S.A. 2C:52-32. Modification or expungement of a previously entered Final Order of Expungement would be inimical to that legislative purpose. The chapter was intended to permit a defendant to regain many of those civil privileges that are lost attendant to a criminal conviction, e.g., the right to serve on a jury, N.J.S.A. 2C:51-3b, the right to vote, N.J.S.A. 19:4-1, and the right to purchase and possess a firearm, see N.J.S.A. 2C:58-3c(1), 2C:58-4(c), and 2C:39-7. See N.J.S.A. 2C:52-27. The statutes also allow an individual to keep potentially embarrassing information about a prior criminal record private from the inquiry of employers and others. No other `relief', such as the second expungement sought by T.P.D., appears to have been intended.[7] The statutes were not designed to promote a criminal defendant's ability to avoid enforcement of his or her plea bargain by resort to the chapter's provisions. Indeed, there is nothing which suggests that the Legislature ever intended the statutes to be used in a manner that would allow a portion of an expungement to be subsequently expunged.
In this application, however, T.P.D. is not only seeking to avoid access to his criminal records, but to avoid enforcement of the conditional discharge he received in return for his promise to never again seek a position in law enforcement. This result cannot be accomplished by an expungement. It is well established that plea agreements, though criminal in nature, are governed by principles of contract law. State v. Barone, 288 N.J.Super. 102, 118, 671 A.2d 1096 (App. Div.) (quoting United States v. Moscahlaidis, 868 F.2d 1357, 1361 (3rd Cir.1989)) certif. granted 144 N.J. 589, 677 A.2d 762 (1996). As such, they must be carried out and enforced unless the state or the defendant can establish that the plea agreement is invalid or that its enforcement would be manifestly unjust. R. 3:21-1. Neither basis has been proffered in the present matter and the plea agreement must therefore be enforced irrespective of whether a subsequent expungement is granted.
An expungement simply requires the state to extract and isolate the criminal justice records of a defendant. It does not alter, amend or render inoperative any conditions or terms contained in an order or plea agreement. A valid contractual plea between petitioner and the State exists and continues to be enforceable by either party. Whether an expungement is granted or denied, the plea agreement remains unchanged and operational and the proscription against petitioner seeking a law enforcement position is still binding upon him. The State could no more assert that it is not bound to refrain from prosecuting T.P.D. once his record has *1052 been expunged than T.P.D. may argue that he would not be prevented from seeking a position in law enforcement.[8] Petitioner is essentially seeking to accomplish through the expungement statutes that which he could not do by resort to modification of his plea agreement pursuant to R. 3:21-1.
T.P.D. knowingly and voluntarily entered into a plea agreement with the State and received the benefit of an expungement of his records. As required by the case law and articulated by the Legislature, N.J.S.A. 2C:52-1 through -32, should be construed with the primary objective of providing relief to a one-time offender such as T.P.D. In the present case, that objective was accomplished. The chapter is not, however, a mechanism whereby defendants may repeatedly petition the court to expunge provisions of prior expungements because they no longer wish to abide by their terms.
Accordingly, petitioner's application for an expungement is denied.
NOTES
[1] Petitioner is seeking reinstatement to the Hackensack Police Department where he had been employed as a police officer prior to charges being filed against him.
[2] N.J.S.A. 2C:52-17 through -23, inclusive, outline the variety of situations when expunged records may be released. Those situations include release for setting bail, sentencing, classification of inmates, use in connection with diversionary programs, etc.
[3] Although N.J.S.A. 2C:52-14a ostensibly limits a court's ability to reject an expungement petition to those situations where a statutory prerequisite has not been fulfilled, a review of the entire chapter makes clear that this limitation is inapplicable to the present type of petition. There are no statutory prerequisites for expunging a prior expungement. By definition, therefore, any such petition for a second expungement would be required to be granted. The Legislature could not have intended such a constrained and absurd result. See discussion infra. Only petitions to expunge eligible convictions and arrests, as outlined in 2C:52-2 through 52-6, fall within the purview of 2C:52-14a.

This court is compelled to interpret statutory language according to its plain and ordinary meaning. State v. In re F.A.U., 190 N.J.Super. 245, 247, 463 A.2d 344 (App.Div.1983). However in doing so, the court is not impotent to prevent misapplication of the chapter's language and intent to a context which the Legislature never contemplated.
[4] When an objection is based upon this later ground, the prosecution bears the burden of proof by a preponderance of the evidence. State v. XYZ Corp., 119 N.J. 416, 424, 575 A.2d 423 (1990). That burden, however, is only applicable when arrests and convictions that are otherwise statutorily eligible for expungement are objected to by the State. No burden exists when the prosecutor, as here, objects to an expungement application that is based on grounds not explicitly permitted by statute.
[5] "Sources of legislative intent are the language of a statute, the policy behind a statute, concepts of reasonableness, and legislative history. Coletti v. Union County Bd. of Chosen Freeholders, 217 N.J.Super. 31, 35, 524 A.2d 1270 (App.Div.1987); Shapiro v. Essex County Bd. of Chosen Freeholders, 177 N.J.Super. 87, 92, 424 A.2d 1203 (Law Div.1980), aff'd, 183 N.J.Super. 24, 443 A.2d 219 (App.Div.), aff'd, 91 N.J. 430, 453 A.2d 158 (1982)." State v. Rama, 298 N.J.Super. 339, 342, 689 A.2d 776 (App.Div.1997).
[6] The singular exception, which is inapplicable to T.P.D., is when the court is made aware of some statutory disqualification that existed at the time of the initial petition. N.J.S.A. 2C:52-26.
[7] A reasonable construction of Chapter 52 leads to the inevitable conclusion that not only would expungement of an expungement be counter-intuitive and beyond the Legislature's intended scope, but it would fail to provide a petitioner with any relief he has not already received by an initial expungement. When an expungement is granted, the final order entered by the judge is extracted and isolated along with the rest of a defendant's dispositional records on file with the court. N.J.S.A. 2C:52-1a. Hence, there should rarely, if ever, be a reason why a prior expungement order would need to be expunged because it has already been extracted and isolated. Though the Petitioner's case is an exception, the Legislature could not have intended to allow an expungement in a situation that it could not have reasonably anticipated.
[8] Even if this court granted T.P.D.'s expungement petition, he would still not be permitted to seek reinstatement as a law enforcement officer with the Hackensack Police Department. Any information contained in expunged records is required by statute to be revealed by a petitioner who is seeking a position in law enforcement. N.J.S.A. 2C:52-27c. The Hackensack Police Department must therefore be informed that petitioner is not permitted to "seek any law enforcement position with any agency." As a result of the contractual nature of the plea agreement, and the statutory provision that any information released to law enforcement "shall continue to provide a disability as otherwise provided by law," N.J.S.A. 2C:52-27c, petitioner's contract with the State prevents him from becoming employed as a police officer.