762 A.2d 259 (2000)
335 N.J. Super. 236
STATE of New Jersey, Plaintiff, and
Branchburg Township Board of Education, Plaintiff-Appellant,
v.
Neal ERCOLANO, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued October 3, 2000.
Decided November 28, 2000.
*260 David B. Rubin, Metuchen, argued the cause for appellant.
John E. Croot, Jr., Morristown, the cause for respondent (Rand, Algeier, Tosti & Woodruff, attorneys; Mr. Croot, on the brief).
June Forrest, Deputy Attorney General, argued the cause for amicus curiae New Jersey Department of Education (John J.
*261 Farmer, Jr., Attorney General, attorney; Ms. Forrest, of counsel; Michael C. Walters, Deputy Attorney General, on the brief).
Cynthia J. Jahn, General Counsel, attorney for amicus curiae New Jersey School Boards Association (Donna M. Kaye, Senior Associate Counsel, on the brief).
Before Judges SKILLMAN, WECKER and LESEMANN.
The opinion of the court was delivered by SKILLMAN, P.J.A.D.
This appeal involves the procedures for obtaining an order for forfeiture of public employment based upon a criminal offense, when the issue of forfeiture was not raised at the time of conviction.
Defendant Neal Ercolano, a teacher in the Branchburg Central School, was charged in the Branchburg Municipal Court with committing an assault upon one of the school's students. At defendant's trial, the student, a sixth grader, testified that as he was returning to his study hall on January 18, 1996, he walked up behind a female student and said, "boo." Defendant, who observed the incident, called the student over to him, picked him up and pushed him against a wall. The student testified that his back "hurt" when this occurred, and that he was "scared" defendant was "going to hurt [him]." An assistant principal testified that the day after this incident, he had a meeting with the student, his mother and defendant. Defendant admitted at the meeting that he had picked up the student, but said that he was "just kidding with him." The assistant principal also testified that defendant acknowledged he should not have touched the student and said he was sorry about the incident. However, at his trial, defendant denied picking up the student and pushing him against a wall. Defendant asserted that the student had run into him and that, in reaction, he had grabbed the student by the arm, and that the boy's own "momentum carried him [into a] door."
Based on this evidence, the municipal court judge found that defendant had "grabbed the child and ... pushed [him] against the wall, and that the child was placed in fear of bodily harm." Accordingly, the judge found defendant guilty of simple assault, in violation of N.J.S.A. 2C:12-1(a). The judge imposed a $100 fine and the statutorily mandated penalties and fees. However, the judge did not order the forfeiture of defendant's public employment. Defendant appealed his conviction to the Law Division, but later withdrew the appeal.
Shortly after defendant's conviction, the Branchburg Board of Education (the Board) filed a motion in the municipal court for an order declaring that defendant's employment with the Board had been forfeited pursuant to N.J.S.A. 2C:51-2. Defendant opposed the motion on the ground that the municipal court did not have jurisdiction to order the forfeiture of his tenured teaching position, and that the matter should instead be heard by the Commissioner of Education.
At that point, the Board filed tenure charges against defendant with the Commissioner and suspended him without pay.[1] The tenure charges were based solely on defendant's municipal court conviction. The Board claimed that as a result of that conviction, the forfeiture of defendant's employment was mandated by N.J.S.A. 2C:51-2(a)(2) or, in the alternative, even if that provision did not apply, forfeiture was still required because defendant's "conduct reflects so poorly on his fitness to remain an employee of the School District that his employment must be terminated." When the municipal court judge was informed that the Board had brought tenure *262 charges, he deferred consideration of the Board's motion to declare a forfeiture of defendant's employment pending action by the Commissioner.
An Administrative Law Judge (ALJ) determined that defendant's conviction had resulted in a forfeiture of his teaching position. However, the Commissioner of Education concluded that he did not have the authority to declare a forfeiture of employment under N.J.S.A. 2C:51-2(g). Accordingly, he remanded the matter to the ALJ to consider the tenure charges under N.J.S.A. 18A.6-10 to 17.
The Board then renewed its municipal court motion seeking a forfeiture of defendant's employment. After reviewing the parties' written submissions and hearing argument, the municipal court judge concluded that defendant's conviction had resulted in a forfeiture. Accordingly, the judge entered an order declaring a forfeiture of defendant's employment with the Board, effective as of the date of his conviction.
Defendant appealed to the Law Division. After hearing oral argument, the Law Division judge reversed the order of forfeiture. The judge concluded that a local board of education does not have the authority to seek an order declaring that the employment of one of its teachers has been forfeited as a result of a criminal conviction. The judge also concluded that if a trial court fails to order a mandatory forfeiture of public employment at the time of conviction, and the issue of forfeiture is brought before the court by a subsequent application, the court has discretion whether to order forfeiture. In addition, the judge concluded that the municipal court should have afforded defendant an opportunity for an evidentiary hearing on the issue of whether his conviction "involve[d]" or "touch[ed]" his employment.
The Board appeals from the reversal of the order of forfeiture of defendant's teaching position.[2] We conclude that a forfeiture of public employment under N.J.S.A. 2C:51-2(a) is mandatory even if the trial court fails to order forfeiture at the time of conviction. We also conclude that if a trial court fails to order forfeiture of the employment of a person employed by a local board of education immediately upon conviction, the board may move for an order of forfeiture. In addition, we conclude that defendant's conviction for an assault upon a student during the school day clearly "involve[d]" or "touch[ed]" his employment, and thus there is no need for an evidentiary hearing to determine whether N.J.S.A. 2C:51-2(a). mandates the forfeiture. Finally, we conclude that a forfeiture of employment is effective as of the date a defendant is found guilty, which in this case was April 23, 1997. Accordingly, we reverse the order of the Law Division and reinstate the order of the municipal court declaring a forfeiture of defendant's employment.

I
N.J.S.A. 2C:51-2(a) provides in relevant part:
a. A person holding any public office, position, or employment, elective or appointive, under the government of this State or any agency or political subdivision thereof, who is convicted of an offense shall forfeit such office or position if:

*263 (1) He is convicted under the laws of this State of an offense involving dishonesty or of a crime of the third degree or above or under the laws of another state or of the United States of an offense or a crime which, if committed in this State, would be such an offense or crime;
(2) He is convicted of an offense involving or touching such office, position or employment....
Thus, N.J.S.A. 2C:51-2(a) mandates forfeiture of the public employment of a defendant who is convicted of any one of three categories of offenses: (1) "an offense involving dishonesty," N.J.S.A. 2C:51-2(a)(1); (2) "a crime of the third degree or above," ibid.; or (3) "an offense involving or touching such office, position or employment." N.J.S.A. 2C:51-2(a)(2). A trial court's sole responsibility is to determine whether an offense falls within any one of these three categories. If it does, the court must order the forfeiture mandated by N.J.S.A. 2C:51-2(a).
Where the Legislature has mandated a particular sentence or, as in this case, a collateral consequence of a sentence, the trial court has continuing authority and responsibility to implement that statutory directive if it inadvertently fails to do so at the time of conviction. See State v. Horton, 331 N.J.Super. 92, 97-102, 751 A.2d 141 (App.Div.2000); State v. Baker, 270 N.J.Super. 55, 72, 636 A.2d 553 (App.Div.), aff'd o.b., 138 N.J. 89, 648 A.2d 1127 (1994); State v. Sheppard, 125 N.J.Super. 332, 336, 310 A.2d 731 (App. Div.), certif. denied, 64 N.J. 318, 315 A.2d 407 (1973). In fact, if the trial court or a reviewing court is made aware that a statutorily mandated sentence has not been imposed, the court is not precluded even by the Double Jeopardy Clauses of the Federal and State Constitutions from correcting the sentence and effectuating the legislative mandate. Horton, supra, 331 N.J.Super. at 98, 751 A.2d 141; Baker, supra, 270 N.J.Super. at 72, 636 A.2d 553. Therefore, even if the provisions of the Criminal Code which mandate a forfeiture of public employment upon a conviction for one of the specified categories of offenses did not expressly authorize the entry of an order of forfeiture subsequent to sentencing, it is arguable that the general authority to correct an illegal sentence would extend to a forfeiture mandated by N.J.S.A. 2C:51-2(a).
In any event, the Legislature has now established a specific procedure for applying to a trial court for an order of forfeiture when the court has inadvertently failed to order forfeiture at the time of conviction. N.J.S.A. 2C:51-2(g) states:
In any case in which the issue of forfeiture is not raised in a court of this State at the time of a finding of guilt, entry of guilty plea or sentencing, a forfeiture of public office, position or employment required by this section may be ordered by a court of this State upon application of the county prosecutor or the Attorney General or upon application of the public officer or public entity having authority to remove the person convicted from his public office, position or employment.
The Law Division judge concluded that because this subsection states that if "the issue of forfeiture is not raised ... at the time of a finding of guilt, ... a forfeiture of public ... employment required by this section may be ordered by a court of this State," (emphasis added), a trial court's authority to order forfeiture under N.J.S.A. 2C:51-2(g) is discretionary rather than mandatory. In defending this conclusion, defendant relies upon the rule of construction that the word "may" is "permissive or directory" in nature, and that the Legislature ordinarily uses the word "shall" to describe a mandatory obligation. Harvey v. Board of Chosen Freeholders of Essex County, 30 N.J. 381, 391, 153 A.2d 10 (1959). Defendant contrasts the language of N.J.S.A. 2C:51-2(a), which states that the trial court "shall" forfeit the employment of a defendant who commits one of the three specified categories of offenses, *264 with N.J.S.A. 2C:51-2(g), which states that if the trial court fails to order forfeiture upon conviction, "a forfeiture required by this section may [subsequently] be ordered." (Emphasis added). Defendant argues that this difference in terminology reflects a legislative intent, in a case where a court has inadvertently failed to order forfeiture at the time of conviction, to transform the mandatory judicial responsibility under N.J.S.A. 2C:51-2(a) into an authorization to withhold forfeiture in the court's discretion.
However, the rule that the use of the word "may" ordinarily reflects an intent to confer discretionary authority is merely an aid in determining probable legislative intent. The words "may" and "shall" are viewed as "interchangeable whenever necessary to execute the clear intent of the Legislature." Harvey, supra, 30 N.J. at 392, 153 A.2d 10. "The question is essentially one of legislative intent, to be gathered from the nature and object of the statute considered as a whole...." Id. at 391, 153 A.2d 10 (quoting Leeds v. Harrison, 9 N.J. 202, 213, 87 A.2d 713 (1952)).
Viewing N.J.S.A. 2C:51-2 as a whole, it is clear that the Legislature intended a forfeiture of public employment upon conviction for a qualifying offense to be mandatory, regardless of whether forfeiture is ordered at the time of conviction or at some later date. N.J.S.A. 2C:51-2(a) sets forth three categories of convictions which "shall" result in a forfeiture. The other subsections of N.J.S.A. 2C:51-2 are primarily procedural provisions for implementing a forfeiture mandated by N.J.S.A. 2C:51-2(a). Thus, N.J.S.A. 2C:51-2(b)(1) specifies when an order of forfeiture under N.J.S.A. 2C:51-2(a) becomes effective. N.J.S.A. 2C:51-2(b)(2) establishes a procedure for applying to the court for an order of forfeiture if a public employee is convicted in a federal court or a court of another state. N.J.S.A. 2C:51-2(c) sets forth the standard for granting a stay of forfeiture pending appeal of a conviction or forfeiture order. And N.J.S.A. 2C:51-2(e) provides that "[a]ny forfeiture ... based upon a conviction of a disorderly persons or petty disorderly persons offense may be waived by the court upon application of the county prosecutor or the Attorney General."
In our view, N.J.S.A. 2C:51-2(g) is simply another procedural provision, like N.J.S.A. 2C:51-2(b), (c) and (e), which sets forth a procedure for applying for a mandatory forfeiture of public employment in the presumably unusual situation where a trial judge has inadvertently failed to comply with N.J.S.A. 2C:51-2(a) at the time of trial. N.J.S.A. 2C:51-2(g) authorizes the court to order "a forfeiture of public office, position or employment required by this section," (emphasis added), that is, by N.J.S.A. 2C:51-2(a); it does not state that a trial court may withhold entry of an order of forfeiture "required" by N.J.S.A. 2C:51-2(a) simply because the court failed to order forfeiture at the time of trial. Moreover, we can perceive no logical reason why a trial court's initial failure to comply with a legislative mandate should give the court authority to waive that mandate.
Significantly, the other previously mentioned subsections of N.J.S.A. 2C:51-2 do confer discretionary authority upon the trial court to delay or waive implementation of a forfeiture mandated by N.J.S.A. 2C:51-2(a), but prescribe specific standards for the exercise of this discretion. Thus, N.J.S.A. 2C:51-2(b)(1) authorizes the court to stay a forfeiture until sentencing "for good cause shown," and N.J.S.A. 2C:51-2(c) authorizes the court to stay a forfeiture pending appeal of a conviction or forfeiture if "the court is clearly convinced that there is a likelihood of success on the merits." Most significantly, N.J.S.A. 2C:51-2(e) confers discretionary authority upon the court to waive a forfeiture mandated by N.J.S.A. 2C:51-2(e), but limits this authority to forfeitures based on convictions for disorderly persons and petty disorderly persons offenses, and provides *265 that a waiver may be granted only "upon application of the county prosecutor or the Attorney General and for good cause shown." If the Legislature had intended to confer discretionary authority upon a trial court to withhold a forfeiture mandated by N.J.S.A. 2C:51-2(a) when an application is made under N.J.S.A. 2C:51-2(g), it undoubtedly would have set forth comparable standards for the exercise of that authority. Therefore, we conclude that N.J.S.A. 2C:51-2(e) provides the sole authority for the waiver of a forfeiture mandated by N.J.S.A. 2C:51-2(a).[3]
This conclusion is supported by the available legislative history. N.J.S.A. 2C:51-2(g) was added to N.J.S.A. 2C:51-2 in 1995. L. 1995, c. 250. The Assembly committee statement indicates:
[T]he bill provides that failure to raise the issue of forfeiture at the time [of conviction] shall not preclude the county prosecutor, Attorney General or any public officer or entity authorized to remove from public office or employment the person who is the subject of that [conviction] from applying to a court of this State for an order of forfeiture.
[Assemb. State Government Comm. 206-673, 2d Sess. 2 (1994).]
The Senate committee statement contains a similar explanation of the purpose of N.J.S.A. 2C:51-2(g). S. Judiciary Comm. 206-673, 2d Sess. 1 (1995). Although neither committee statement refers to Moore v. Youth Correctional Institute, 119 N.J. 256, 574 A.2d 983 (1990), the apparent purpose of authorizing an application for forfeiture "to a court of this State" was to overrule the part of Moore which held that where a forfeiture of public employment is not ordered immediately upon conviction, the determination whether forfeiture is required must be made "initially by the governmental department in which the employee works, [and] then by the appropriate administrative agencies to which the employee may appeal the departmental decision." Id. at 266, 574 A.2d 983. Thus, N.J.S.A. 2C:51-2(g) was intended solely to confer continuing jurisdiction upon a trial court to enter an order of forfeiture if the court failed to order forfeiture at the time of conviction, rather than, as Moore had directed, such authority being transferred to the defendant's employer or a state agency. See Forfeiture of Public Employment, Sch. L. Rptr., Spring/Summer 1999 at 8-9.
Our conclusion that N.J.S.A. 2C:51-2(g) was not intended to confer discretionary authority upon the trial court to withhold forfeiture is also supported by N.J.S.A. 2C:51-2(d), which states that:
In addition to the punishment prescribed for the offense, and the forfeiture set forth in subsection a. of N.J.S. 2C:51-2, any person convicted of an offense involving or touching on his public office, position or employment shall be forever disqualified from holding any office or position of honor, trust or profit under this State or any of its administrative or political subdivisions.
N.J.S.A. 2C:51-2(e) confers upon the Attorney General or county prosecutor the same authority to apply for a waiver of this disqualification as a forfeiture mandated by N.J.S.A. 2C:51-2(a). However, if such an application is not made, "N.J.S.A. 2C:51-2(d)... imposes an automatic disqualification from public employment without the initiation of any court proceeding." Cedeno v. Montclair State Univ., 319 N.J.Super. 148, 157 n. 3, 725 A.2d 38 (App.Div.1999), aff'd o.b., 163 N.J. 473, 750 *266 A.2d 73 (2000). Therefore, if N.J.S.A. 2C:51-2(g) were construed to confer authority upon a court to withhold an order of forfeiture mandated by N.J.S.A. 2C:51-2(a)(2), it would mean that an employee convicted of a qualifying offense would be "forever disqualified" from any public employment under N.J.S.A. 2C:51-2(d), but nevertheless would not forfeit his current employment. We decline to interpret N.J.S.A. 2C:51-2(g) in a way that could lead to such an anomalous result.

II
We next consider whether a local board of education is authorized to apply to a trial court for forfeiture of the position of one of its employees if the court inadvertently failed to order forfeiture at the time of conviction.
As previously noted, N.J.S.A. 2C:51-2(g) provides that "[i]n any case in which the issue of forfeiture is not raised" at the time of conviction, the court may later order forfeiture "upon application of the county prosecutor or the Attorney General or upon application of the public officer or public entity having authority to remove the person convicted from his public office, position or employment." (Emphasis added.)
The trial court ruled that the Board is not a "public entity having authority to remove" defendant because, under N.J.S.A. 18A:6-10, 11, a local board of education may only file charges against a tenured employee with the Commissioner of Education and the dismissal of such an employee does not become effective unless the Commissioner sustains the charges after a hearing. See In re Fulcomer, 93 N.J.Super. 404, 410-18, 226 A.2d 30 (App. Div.1967). The court concluded that under this statutory procedure, the "public entity having authority to remove" a school district employee is the Commissioner rather than the local board.
When the Legislature authorized not only the Attorney General and county prosecutor, but also the "public officer or public entity having authority to remove" a public employee, to apply for a forfeiture of employment which a trial court inadvertently failed to impose upon conviction, it undoubtedly assumed that such officer or entity would be the employer. An employer has the most direct concern with, and would be most likely to become aware of, a criminal conviction of one of its employees. In contrast, an official such as the Commissioner of Education, who has been granted authority to conduct a quasi-judicial proceeding to review an employer's decision to dismiss an employee, is unlikely to become aware of an employee's conviction unless the employer brings it to his attention. The Commissioner also may not have a strong incentive to file an application for a forfeiture of employment. In fact, he may conceive that the filing of such an application would place him in an adversarial relationship with the employee, which would be inconsistent with the judicial role he is supposed to play under N.J.S.A. 18A:6-10, 11.
It is probable that when the Legislature drafted N.J.S.A. 2C:51-2(g), it had in mind the procedures for removal of a classified public employee under the Civil Service Act. N.J.S.A. 11A:1-1 to 11A:12-6. In fact, N.J.S.A. 2C:51-2(g) uses the terminology of the Civil Service Act, "remov[al]," N.J.S.A. 11A:2-14, rather than that of the Education law, "dismissal," N.J.S.A. 18A:6-11 (i.e., "public officer or public entity having authority to remove"). Under the Civil Service Act, the public employer may "remove" a classified employee, N.J.S.A. 11A:2-14, and the employee can appeal that "removal" to the Merit System Board. N.J.S.A. 11A:2-6(a)(1). Because the Merit System Board's role in the removal process is limited to review of the employer's decision, it is clear that under the Civil Service Act, the employer, rather than the Merit System Board, is the "public entity having the authority to remove" within the intent of N.J.S.A. 2C:51-2(g).
*267 The language of N.J.S.A. 2C:51-2(g) does not correspond as clearly with the procedures for the "dismissal" of a tenured school district employee. Under those procedures, a local school board does not actually dismiss the employee. Instead, if a local board decides that an employee's conduct or performance requires dismissal, it must forward the charges to the Commissioner, and the Commissioner makes the ultimate determination whether dismissal is warranted. N.J.S.A. 18A:6-10, 11. Thus, a literal reading of N.J.S.A. 2C:51-2(g) could lead one to conclude that the Commissioner is the "public entity having authority to remove" a tenured employee of a public school district.
However, it is firmly established that "[w]here a literal rendering [of a statute] will lead to a result not in accord with [its] essential purpose and design ..., the spirit of the law will control the letter." New Jersey Builders, Owners & Managers Ass'n v. Blair, 60 N.J. 330, 338, 288 A.2d 855 (1972). "[S]tatutes are to be read sensibly rather than literally." State v. State Troopers Fraternal Ass'n, 134 N.J. 393, 418, 634 A.2d 478 (1993) (quoting Schierstead v. Brigantine, 29 N.J. 220, 230, 148 A.2d 591 (1959)). Thus, in construing N.J.S.A. 2C:51-2(g), as in construing any other legislation, we ultimately must determine the "probable legislative intent" with respect to the specific issue before the court. Young v. Schering Corp., 141 N.J. 16, 25, 660 A.2d 1153 (1995).
We are unable to conceive of any legislative purpose which would be served by conferring the authority to apply for forfeiture of the employment of a school district employee upon the Commissioner, rather than the local school board. A local board has the same responsibility as any other public employer for the honesty, integrity and good conduct of its employees. Indeed, there is no part of the public sector in which there is a greater interest than in a local school district in assuring that employees with disqualifying convictions are removed from employment. Consequently, there is no reason to ascribe a legislative intent to make it more cumbersome to apply for a forfeiture of the employment of a tenured school district employee than an employee of any other public entity. Because the purpose of N.J.S.A. 2C:51-2(g) is to enforce a forfeiture of public employment mandated by N.J.S.A. 2C:51-2(a) when a trial judge has inadvertently failed to order a forfeiture immediately upon conviction, N.J.S.A. 2C:51-2(g) should be construed in a way that maximizes the likelihood that such an application will be filed. Therefore, we conclude that N.J.S.A. 2C:51-2(g) authorizes a local board of education to apply for an order of forfeiture.

III
We next consider whether a hearing is required to determine whether defendant's conviction "involve[d]" or "touch[ed]" his employment. The Law Division Judge concluded that even though an assault upon a student by a teacher would appear to "involve" or "touch" the teacher's employment, the municipal court was required under Moore v. Youth Correctional Institute, supra, 119 N.J. at 256, 574 A.2d 983, to conduct a hearing in order to "assess the gravity of the crime as revealed by its nature, its context, and the identity of the victim."
Moore involved a public employee's conviction for the petty disorderly persons offense of harassment. The victim of the harassment was the employee's supervisor. However, the harassment occurred outside of work hours and away from the place of employment. The employee argued that "if the offense does not take place during employment hours or on employment grounds, it does not involve or touch employment" within the intent of N.J.S.A. 2C:51-2(a)(2). Id. at 269, 574 A.2d 983. The Court rejected this argument and held that "the nexus between the offense and employment is not limited by time and location[,]" and that "[w]hen the infraction *268 casts such a shadow over the employee as to make his or her continued service appear incompatible with the traits of trustworthiness, honesty, and obedience to law and order, then forfeiture is appropriate" even though the offense did not take place during work hours or at the place of employment. Id. at 270, 574 A.2d 983. In such a case, there must be "an analysis of the nexus between the crime and the employment to determine if there is a sufficient relationship between the two to warrant the harsh penalty of forfeiture." Id. at 266, 574 A.2d 983. In making this analysis, consideration must be given to "the gravity of the crime as revealed by its nature, its context, and the identity of the victim[,]" and the qualifications required of the defendant's public employment. Id. at 269, 574 A.2d 983.
However, the Court did not say that this form of analysis is required if an employee commits an offense directly related to the performance of his public duties at his place of employment during work hours. To the contrary, the Court recognized that there are some offenses that have such "an obvious connection to employment" that a forfeiture would automatically flow from a conviction. Id. at 266, 574 A.2d 983. The Court cited as an example State v. Pitman, 201 N.J.Super. 21, 26, 492 A.2d 680 (App. Div.1985), in which we concluded that simple assaults committed by two prison guards upon an inmate "clearly involved and touched their employment." Moore, supra, 119 N.J. at 266, 574 A.2d 983. In such a case, the relationship between the offense and the individual's public employment is "apparent." Ibid.
Defendant's conviction for an assault upon a student at school during the school day is just as obviously connected to his employment as the prison guards' convictions for assaults upon an inmate involved in Pitman. The municipal court judge based defendant's conviction upon a finding that he "grabbed" a student at school during the school day and "pushed [him] against the wall." Defendant is bound by this finding, which compels the conclusion that defendant's conviction "involve[d]" or "touch[ed]" his employment. Therefore, there is no need for an evidentiary hearing.

IV
Finally, we consider the effective date of the forfeiture of defendant's employment. N.J.S.A. 2C:51-2(b)(1) states that an "order of forfeiture" shall be entered "[i]mmediately upon a finding of guilt ... unless the court, for good cause shown, orders a stay of such forfeiture pending a hearing on the merits at the time of sentencing." N.J.S.A. 2C:51-2(b)(2) states that where a "forfeiture is based upon a conviction of an offense under the laws of another state or of the United States," it "shall be deemed to have taken effect on the date the person was found guilty." Thus, N.J.S.A. 2C:51-2(b) contemplates that a forfeiture under N.J.S.A. 2C:51-2(a) shall become effective when a defendant is found guilty or, at the very latest, at sentencing. N.J.S.A. 2C:51-2(g) does not expressly state when an order of forfeiture entered thereunder shall be deemed effective. However, because the sole purpose of N.J.S.A. 2C:51-2(g) is to rectify a trial judge's inadvertent failure to order forfeiture at the time of a conviction, it is reasonable to assume that the Legislature contemplated that such a forfeiture would become effective as of the date it should have been ordered under N.J.S.A. 2C:51-2(b)(1). Therefore, the municipal court judge correctly concluded that defendant's forfeiture became effective on April 23, 1997, the day defendant was found guilty and sentenced.[4] *269 Accordingly, we reverse the final judgment entered in the Law Division and reinstate the order of the municipal court forfeiting defendant's employment with the Branchburg Board of Education effective April 23, 1997.
NOTES
[1] At the time of the municipal court trial, defendant was on an unpaid leave of absence from his teaching position for reasons unrelated to the assault. Defendant's leave of absence was apparently scheduled to end at the beginning of the 1997-98 school year.
[2] Since filing this appeal, the Board has also proceeded with the tenure charges before the Commissioner. An ALJ concluded that defendant's conviction for assaulting a student constituted conduct unbecoming a teacher and warranted his dismissal, and on May 1, 2000, the Commissioner issued a final decision dismissing defendant. The parties inform us that the Commissioner's decision is now on appeal to the State Board of Education, which probably will not issue a final decision for some time. In any event, a final decision by the State Board affirming defendant's dismissal would not moot this appeal, because defendant would be entitled to a substantial amount of backpay under the Commissioner's decision, but would not be entitled to any backpay under the order of forfeiture entered by the municipal court.
[3] We note that both the Somerset County Prosecutor and the Attorney General denied defendant's requests to apply to the court for a waiver of the forfeiture of his employment. Defendant did not seek judicial review of those decisions. See State v. Lazarchick, 314 N.J.Super. 500, 526-34, 715 A.2d 365 (App. Div.), certif. denied, 157 N.J. 546, 724 A.2d 804 (1998) (holding that a prosecutor's denial of a defendant's request to apply for a waiver of a forfeiture of employment is subject to judicial review under the same "patent and gross abuse of discretion" standard applicable to a prosecutor's refusal to consent to a defendant's admission into a pretrial intervention program).
[4] Defendant was not teaching at the time of his conviction and has not taught since. Our opinion should not be read to say that a public employee who performs actual services subsequent to the effective date of a forfeiture of employment could be deprived of compensation for those services. See Adams v. Goldner, 79 N.J. 78, 82, 397 A.2d 1088 (1979), aff'g 156 N.J.Super. 299, 302, 383 A.2d 1149 (App. Div.1978).