790 A.2d 178

IN THE MATTER OF THE TENURE HEARING
OF ROBERT R. VITACCO.

ROBERT R. VITACCO, PETITIONER–APPELLANT. v. BOARD OF
EDUCATION OF THE SCHOOL DISTRICT OF LINCOLN
PARK, RESPONDENTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 7, 2001—Decided February 5, 2002.

Before Judges STERN,[1] COLLESTER and PARKER.

*Stephen B. Hunter* argued the cause for appellant, Robert Vitacco (*Klausner, Hunter & Rosenberg; David L. Rosenberg,* of counsel and on the brief).

*Stephen A. Santola* argued the cause for respondent, Lincoln Park Board of Education (*Lindabury, McCormick & Estabrook; Anthony P. Sciarrillo,* of counsel; *Mr. Sciarrillo* and *Greg K. Vitali* on the brief).

*John J. Farmer, Jr.,* Attorney General, attorney for respondent, State Board of Education (*Patrick DeAlmeida,* Deputy Attorney General, on the statement in lieu of brief).

The opinion of the court was delivered by

PARKER, J.A.D.

This is an appeal from a decision by the State Board of Education dismissing appellant from his tenured employment with the Lincoln Park Board of Education for conduct unbecoming a superintendent of schools. We affirm.

On November 2, 1995, appellant pled guilty to two counts of filing false federal income tax returns, under-reporting income earned from the school district and deducting false and inflated expenses claimed from the school district. On June 18, 1996, appellant was sentenced to ten months in the custody of the Federal Bureau of Prisons followed by supervised release for a term of two years. He was also sentenced to pay certain fines and

---

[1] Judge Stern did not participate in the argument but with the consent of all parties, participated in the disposition of the appeal.

penalties and to comply with certain special conditions involving full disclosure of his financial records and to cooperate fully with the Internal Revenue Service with respect to filing delinquent or amended returns.

In the plea agreement entered into with the United States Attorney, appellant agreed to a "two-level enhancement [under the federal sentencing guidelines] for abuse of a position of trust." During sentencing, United States District Court Judge Harold Ackerman denied appellant's motion for downward departure from the sentencing guidelines, indicating that "the Court finds no reason to depart from the sentence called for by application of the guidelines." In imposing sentence, Judge Ackerman stated:

There can be no doubt whatsoever that ... you occupied [an] extraordinarily important position ... in the Lincoln Park School District. You, Mr. Vitacco, were superintendent of schools.... And you were ... making [a] very healthy salar[y] by any reasonable standard.

Now, Mr. Vitacco, when you addressed the Court, you indicated that you felt that what you had done was stupid. I would have used a different word. Please forgive me. The crime that you committed, namely attempting to evade or defeat income taxes, the underlying rationale in your case . . is greed. Greed. Pure and simple. A desire to rip off the system, carry out your very important responsibilities ... in, to say the least, a hypocritical manner.

. . . .

[W]hen an individual ... occupies the position that you ... occupied, that responsibility ... is increased proportionately.

And the reason is very simple: You're not only paying or not paying your taxes as John Q. Citizen, ... you occupied a very important position.... And as I said before, you set an example. You set an example, and you blew it.

. . . .

[M]y philosophy is based on two factors: One, punishment; and secondly, deterrence. Because we know ... from a standpoint of sentencing philosophy, that there are a few crimes in which the deterrence factors play a very, very important role. And the crimes that you pled guilty to back in November fall precisely within that category.

. . . .

Now, I'm going to send ... you to prison, and I want you to know that. And I believe that you ... rate it.

The Lincoln Park Board of Education (Board) certified tenure charges seeking removal of appellant as superintendent of schools for conduct unbecoming a public employee, including tax evasion,

misappropriation of public funds, misuse of vacation days, destruction of public records and financial mismanagement. The matter was referred to the Office of Administrative Law for an evidentiary hearing. Appellant, however, moved to dismiss the tenure charges as moot because he agreed to retire, effective September 30, 1995. The Board cross-moved for a declaratory ruling that appellant forfeited his public office under *N.J.S.A.* 2C:51-2 by virtue of his federal criminal conviction.

After hearing arguments on the motions, the administrative law judge denied appellant's motion stating, "Simply put, the community is entitled to a public declaration that Vitacco's behavior required his removal. He should not be permitted to resign in good standing." The administrative law judge found that the Commissioner of Education had jurisdiction to forfeit appellant's public employment pursuant to the New Jersey Code of Criminal Justice (the Criminal Code), *N.J.S.A.* 2C:51-2, because of his criminal convictions.

In his decision on March 24, 1997, however, the commissioner determined that he lacked jurisdiction to forfeit appellant's position under the Criminal Code. Nevertheless, he ordered that appellant "be deemed dismissed from his tenured employment with the Lincoln Park Board of Education, pursuant to *N.J.S.A.* 18A:6-10, for conduct unbecoming a superintendent of schools." The matter was forwarded to the State Board of Education and on April 7, 2000, the State Board affirmed the commissioner's determination.

Appellant argues the following points before us:

POINT I

THE COMMISSIONER OF EDUCATION AND STATE BOARD OF EDUCATION DENIED APPELLANT VITACCO DUE PROCESS OF LAW BY DENYING HIM A HEARING AS TO THE TENURE CHARGES AND AS TO THE APPROPRIATE PENALTY, IF THE CHARGES COULD HAVE BEEN SUSTAINED.

A. THE COMMISSIONER OF EDUCATION IMPERMISSIBLY DEPRIVED VITACCO OF A HEARING AS TO THE TENURE CHARGES THAT HIS CONDUCT WAS UNBECOMING AND AS TO THE APPROPRIATE PENALTY, IF THE CHARGES COULD HAVE BEEN SUSTAINED.

B. THE COMMISSIONER OF EDUCATION COMMITTED LEGAL ERROR BY RELYING UPON A STIPULATION IN VITACCO'S PLEA AGREEMENT WITHOUT A FACTUAL FOUNDATION SUPPORTING THE CHARACTERIZATION.

Initially, we note that the commissioner's determination that he lacked authority to enter an order forfeiting appellant's public employment under the Criminal Code is correct. The commissioner stated,

While it is axiomatic that the Commissioner of Education, pursuant to *N.J.S.A.* 18A:6–9, has jurisdiction to hear and determine all controversies and disputes arising under the school laws, the forfeiture statute does not arise under school law. Thus, authority for entry of an order that an individual has forfeited his public employment must be derived solely from the provisions of the controlling criminal statute.

In *N.J.S.A.* 2C:51–2, the Criminal Code provides for forfeiture of public office under specified circumstances:

a. A person holding any public office, position, or employment, elective or appointive, under the government of the State or any agency or political subdivision thereof, who is convicted of an offense shall forfeit such office or position if:

(1) He is convicted under the laws of this State of an offense involving dishonesty or of a crime of the third degree or above or under the laws of another state or of the United States of an offense or a crime which, if committed in this State, would be such an offense or crime;

(2) He is convicted of an offense involving or touching such office, position or employment; or

(3) The Constitution or statute other than the code so provides.

b. A court of this State shall enter an order of forfeiture pursuant to subsection a:

(1) Immediately upon a finding of guilt by the trier of fact or a plea of guilty entered in any court of this State unless the court, for good cause shown, orders a stay of such forfeiture pending a hearing on the merits at the time of the sentencing; or

(2) Upon application of the county prosecutor or the Attorney General when the forfeiture is based upon a conviction of an offense under the laws of another state or of the United States. An order of forfeiture pursuant to this paragraph shall be deemed to have taken effect on the date the person was found guilty by the trier of fact or pled guilty to the offense.

. . . .

g. In any case in which the issue of forfeiture is not raised in a court of this State at the time of a finding of guilt, entry of guilty plea or sentencing, a forfeiture of public office, position or employment required by this section may be ordered by a court of this State upon application of the county prosecutor or the Attorney General or upon application of the public officer or public entity having authority to

remove the person convicted from his office, position or employment. The fact that a court has declined to order forfeiture shall not preclude the public officer or public entity having authority to remove the person convicted from seeking to remove or suspend the person from his office, position or employment on the ground that the conduct giving rise to the conviction demonstrates that the person is unfit to hold the office, position or employment.

Nowhere in the statute is the commissioner authorized to seek forfeiture upon a criminal conviction. In *State v. Ercolano*, 335 *N.J.Super.* 236, 249, 762 *A.*2d 259 (App.Div.2000), we specifically addressed the authority of the commissioner to seek an order of forfeiture under *N.J.S.A.* 2C:51–2. There, Judge Skillman, writing for the court, stated:

[The commissioner] may conceive that the filing of such an application would place him in an adversarial relationship with the employee, which would be inconsistent with the judicial role he is supposed to play under *N.J.S.A.* 18A:6–10, 11.

We held, however, that the local Board of Education, as the employer and an interested party, *is* authorized to apply for an order of forfeiture under *N.J.S.A.* 2C:51–2g.

▮ Appellant argues that he is entitled to a hearing before the administrative law judge to determine whether his criminal convictions constituted "conduct unbecoming" and to assess the appropriate penalty if the charges are sustained. He contends that *N.J.S.A.* 18A:6–10 is the governing statute. That statute provides:

No person shall be dismissed or reduced in compensation,

a. If he is or shall be under tenure of office, position or employment during good behavior and efficiency in the public school system of the state, . . . except for inefficiency, incapacity, unbecoming conduct or other just cause, and *then only after a hearing held pursuant to the sub-article*, by the commissioner, or a person appointed by him to act on his behalf, after a written charge or charges, of the cause or causes of the complaint shall have been preferred against such persons. (Emphasis added).

Appellant further contends that *N.J.S.A.* 18A:6–16, *amended by* L.1998, c. 42 § 2, (1998), provides that such a hearing is mandatory:

Upon receipt of such a charge and certification, or of a charge lawfully made to him, the commissioner or the person appointed to act on his behalf in the proceedings shall examine the charges and certification and if he is of the opinion that they are not sufficient to warrant dismissal or reduction in salary of the person

charged, he shall dismiss the same and notify said person accordingly. If, however, he shall determine that such charge is sufficient to warrant dismissal or reduction in salary of the person charged, *he shall conduct a hearing thereon within a 60-day period after the receipt thereof upon reasonable notice to all parties in interest.* (Emphasis added).

■ The commissioner concluded that under the totality of the circumstances here, "he can find no justification for the expenditure of scarce time and resources to conduct a plenary hearing, as he determine[d] that the conduct giving rise to Vitacco's federal conviction amply establishes the Board's charges of unbecoming conduct and calls for his removal from his tenured position." We agree. Appellant's position was mandatorily forfeited as of the date of his conviction. *Ercolano, supra,* 335 *N.J.Super.* at 245, 762 *A.*2d 259; *N.J.S.A.* 2C:51-2b(2). To proceed with a removal hearing under Title 18A, under these circumstances, would be superfluous and an unnecessary "expenditure of scarce time and resources."

Appellant argued before the commissioner, as he does before us, that he is entitled to an adjudication on the merits of the tenure charges by virtue of the fact that his federal convictions "did not touch upon or involve his duties as superintendent of schools." Appellant's argument is disingenuous. As noted by Judge Ackerman, appellant's crimes clearly violated his position of public trust. Moreover, the very charges to which he pled guilty involved funds earned from the Board of Education and Board expenses that were falsely deducted and inflated.[2]

---

2 Appellant pled guilty to counts six and seven of the twelve count federal indictment. Count six alleged that in his 1991 U.S. Individual Income Tax Return, form 1040, appellant "did not include about $24,842.84 in additional taxable income received ... from the Lincoln Park School District." Count 6 further alleged that appellant's 1991 tax return "falsely reflected, among other things, that [he] received about $16,165.50 as Schedule C Income, from which he deducted false and inflated offsetting expenses."

Count seven alleged that in his 1992 federal tax returns, he "did not include about $29,064.04 in additional taxable income received ... from the Lincoln Park School District, including approximately $15,000 he received as an

In his brief, appellant cites numerous cases in which public school personnel were disciplined to a lesser extent than dismissal. He argues:

> It is averred that in the above cited cases in which only the penalties of suspension or less were sustained against the teachers or assistant superintendents in question, that the behaviors proved, including corporal abuse of students, inappropriate exposure by teachers to students of explicit sexual materials, language and conduct, sexual harassment and drunkenness on school premises, are far more egregious than under-reporting income.

While we agree the conduct described in those cases is serious, we can think of no more egregious conduct than a superintendent of schools who engages in a deliberate, calculated pattern of dishonesty in under-reporting income earned from public monies in the performance of public duties. As Judge Ackerman stated at sentencing, appellant had a greater responsibility than "John Q. Citizen." As superintendent of schools he had a duty to set an example and to conduct himself in accordance with the highest standards.

Finally, we find no merit in appellant's argument that the commissioner committed legal error by relying upon the stipulation that appellant agreed to a two level enhancement of penalty in his federal plea agreement. The plea agreement was a matter of record. The reference cannot be deemed "legal error."

We note that appellant is subject to forfeiture under *N.J.S.A.* 2C:51–2. Consistent with *Ercolano* and *N.J.S.A.* 2C:51–2g, the Lincoln Park Board of Education may make the application to a court of this state for an order of forfeiture. The Board need not seek the assistance of the county prosecutor or Attorney General to undertake that action.

We have not been advised that the consequences of forfeiture under *N.J.S.A.* 2C:51–2 differ from dismissal for conduct unbecoming a superintendent of schools under *N.J.S.A.* 18A:16–10.[3]

---

independent contractor in connection with labor negotiations and his monthly car allowance."

[3] At oral argument, appellant's counsel intimated that entitlement to pension benefits is the underlying issue in appellant's efforts to obtain a hearing on

The Lincoln Park Board of Education, which has sought appellant's removal since he was indicted, may proceed with a forfeiture action pursuant to *N.J.S.A.* 2C:51–2g. Forfeiture "shall be deemed to have taken effect on the date the person . . . pled guilty to the offense." *N.J.S.A.* 2C:51–2b(2).

Affirmed.

removal. Forfeiture of pension benefits is not automatic under the Criminal Code or Title 18A when an individual has forfeited or been removed from public office for conviction of a crime unless forfeiture of pension benefits is expressly required under the governing statute. *Uricoli v. Police and Firemen's Retirement System*, 91 N.J. 62, 77, 449 A.2d 1267 (1982).