WILLIAM F. HARVEY, PLAINTIFF-APPELLANT, v. THE
BOARD OF CHOSEN FREEHOLDERS OF ESSEX
COUNTY, EMPLOYEES' RETIREMENT SYSTEM OF
ESSEX COUNTY, NEIL G. DUFFY, SHERIFF OF ESSEX
COUNTY, DEFENDANTS-RESPONDENTS.

Argued April 21, 1959—Decided June 30, 1959.

382

*Mr. Wilbur J. Bernard* argued the cause for plaintiff-appellant.

*Mr. Howard W. Hayes* argued the cause for defendants-respondents (*Mr. Nicholas T. Fernicola,* County Counsel, attorney).

The opinion of the court was delivered by

SCHETTINO, J.   Appeal is from a Superior Court, Law Division, judgment in favor of defendants upholding the constitutionality of *L.* 1947, *c.* 367 (hereafter referred to as *N. J. S. A.* 43:10–18.26) and dismissing plaintiff's complaint.   The case was decided on the pretrial order, exhibits and stipulated facts.   The trial court's opinion is reported in 51 *N. J. Super.* 363 (*Law Div.* 1958).   Plaintiff appealed to the Appellate Division and we certified under *R. R.* 1:10–1(*a*).

In 1923 plaintiff was appointed a court attendant in the office of the Sheriff of Essex County.   From that date he

has been in the classified service under Civil Service, a member of a certain pension fund until 1943 at which time he became a member in good standing of the pension system under *L*. 1943, *c*. 160, as amended (*N. J. S. A.* 43:10–18.1 *et seq.*), the pension fund statute, and continued to be up to the date his services were terminated on January 9, 1958.

*N. J. S. A.* 43:10–18.26 is a supplement to the pension fund statute. It encompasses "pensionable" court attendants, guards, keepers and others caring for prisoners. It provides for the retirement at age 65 of employees of certain counties and also provides for the employees' continuance in their positions after that age. This statutory provision, affecting this plaintiff and the defendant county, provides in part:

> "The board of chosen freeholders * * * *may* retire any court attendant in the office of the sheriff, * * * who shall have served as such for a period of twenty years, and shall have reached the age of sixty-five years, and who, at that time, is a member of the employees' retirement system * * *; *provided, however,* subject to the approval of the board of chosen freeholders, that any such person may be continued in his * * * county employment after reaching the age of sixty-five, if the sheriff * * * shall file a certificate with the board of chosen freeholders and the pension commission of the county, certifying that such person is in good physical and mental condition and able to fully perform his * * * duties, in which event such employee shall be permitted to remain in employment for a period not exceeding one year from the date of the certificate. Such certificates may, in the discretion of the sheriff * * *, be renewed annually until after such person shall have reached the age of seventy." (Emphasis supplied.)

On November 9, 1957 plaintiff became 65 years of age. The sheriff did not file the necessary certificate. The sheriff's notice of termination dated December 4, 1957 stated that plaintiff was being retired in view of his lengthy leaves of absence due to illness in the previous two years. On March 15, 1958, after this suit was started, the board of chosen freeholders by resolution terminated plaintiff's services *nunc pro tunc* as of January 9, 1958.

Plaintiff argues that the statute violated *Art.* IV, § VII, *pars.* 7, 8, and *subsections* 5 and 13 of *paragraph* 9 of the

*New Jersey Constitution of* 1947 in that it constitutes "special" legislation as it applies only to those court attendants and custodial employees who are members of the Employees' Retirement System. It was stipulated that 87 court attendants are members of that system and three are not, and that of all the permanent custodial employees, including court attendants, 232 are members of the system and 12 are not. Plaintiff also argues that the statute is violative of due process and denies equal protection of the laws because it vests in the board of chosen freeholders and the sheriff an absolute discretion to retire or not to retire an employee; that it creates a division within a class where no realistic division exists, and that it sets up no norm or standard by which a determination could properly be made whether an employee shall or shall not be continued in service after age 65.

· Defendants argue that the emphasized word "may" in the statute should be read as "shall" in order to effectuate the intention of the Legislature to compel the retirement of the designated county employees at age 65.

The trial court held that this legislative classification of "court attendant" was reasonable and that the fact that only court attendants who are members of the retirement system were encompassed did not render the statute unconstitutional. It further held that the statute, in permitting the sheriff and board of freeholders to continue a court attendant in service from year to year after 65 and through 70, did set forth sufficient standards, namely, "good physical and mental condition and ability to fully perform the duties of his employment." (51 *N. J. Super.* at *page* 367).

Subsequent to the filing of the appeal plaintiff wrote to the Pension Fund Commission of the Employees' Retirement System of Essex County, requested a pension provided for by *N. J. S. A.* 43:10–18.9, and stated:

"* * * The application, * * * is made subject to the final outcome of my case and this application is to be considered

in nowise a waiver of my right to proceed with my appeal or my right to be reinstated as an active court attendant should I be successful in my suit."

The pension was granted over the objection and advice of defendants' counsel. However, plaintiff was required to sign an agreement to repay the pension moneys if he ultimately succeeded on appeal.

Defendants move to dismiss the appeal because plaintiff acquiesced in the judgment, accepted the benefits thereunder, and thereby took a position inconsistent with his right to appeal. Defendants additionally argue that plaintiff is estopped to attack the constitutionality of the statute because he has applied for retirement and accepted a pension under the act. In view of the determinations we reach on the merits, we need not discuss these contentions.

We first consider plaintiff's contention that the statute is unconstitutional in that it is a "special" law because it compels retirement of only those court attendants who are members of the retirement system but is not applicable ·to those few attendants who are not members of that system. There is a strong presumption that a statute is constitutional, *General Electric Co. v. City of Passaic,* 28 *N. J.* 499, 510 (1958); *In re Village of Loch Arbour,* 25 *N. J.* 258, 264–265 (1957), and a legislative act will not be declared void unless its repugnancy to the Constitution is clear beyond a reasonable doubt. *Gangemi v. Berry,* 25 *N. J.* 1, 10 (1957). "To declare a statute unconstitutional is a judicial power to be delicately exercised." *Wilentz v. Hendrickson,* 133 *N. J. Eq.* 447, 487 (*Ch.* 1943), affirmed 135 *N. J. Eq.* 244 (*E. & A.* 1944). In *Loch Arbour, supra,* Mr. Justice Francis said (25 *N. J.* at *pages* 264–265):

"In approaching a problem such as this, courts always recognize a strong presumption of constitutionality; doubts are resolved in favor of conformity with the organic law, and if the statute under attack admits of two constructions, one of which will render it invalid and the other valid, the interpretation sustaining constitutionality will be adopted."

In deciding whether an act is general or special, it is what is excluded that is the determining factor and not what is included. *Budd v. Hancock,* 66 *N. J. L.* 133, 135–136 (*Sup. Ct.* 1901). If no one is excluded who should be encompassed, the law is general. Another requirement of a general law is that it must affect equally all of a group who, bearing in mind the purposes of the legislation, are distinguished by characteristics sufficiently marked and important to make them a class by themselves. In *Van Riper v. Parsons,* 40 *N. J. L.* 1, 9 (*Sup. Ct.* 1878) the court pointed out that local and special laws rest on a false or deficient classification in that "their vice is that they do not embrace all the class to which they are naturally related; they create preference and establish inequalities; they apply to persons, things or places possessed of certain qualities or situations, and exclude from their effect other persons, things or places which are not dissimilar in these respects." See also *City of Passaic v. Consolidated Police, etc., Pension Fund Commission,* 18 *N. J.* 137, 146 (1955); *Sherwood v. Bergen-Hackensack, etc., Authority,* 24 *N. J. Misc.* 48, 53–54 (*Sup. Ct.* 1946), affirmed, 135 *N. J. L.* 304–306 (*E. & A.* 1946). With this distinction between a special and a general law in mind, the question is whether any appropriate person is excluded to which the law, but for its limitations, would apply. *Koons v. Board of Com'rs of Atlantic City,* 134 *N. J. L.* 329, 333 (*Sup. Ct.* 1946), affirmed *per curiam,* 135 *N. J. L.* 204 (*E. & A.* 1947); *In re Freygang,* 46 *N. J. Super.* 14, 23 (*App. Div.* 1957), affirmed, 25 *N. J.* 357 (1957).

The classification outlined in the statute herein is reasonable because there is an adequate basis for differentiating between the members and non-members of the retirement system over the age of 65. *N. J. S. A.* 43:10–18.6(*a*) provided that any person under the age of 45 who after its enactment became an employee and was physically and mentally fit had to become a member of the county employees' retirement system. Subsection (*c*) provided that any person

then a county employee, including those in plaintiff's category, who was a member of any other pension system, could withdraw his contribution from the other pension system on notice but would thereafter be ineligible to belong to any county pension system with the exception of certain systems affecting veterans.

*Title* 43 is entitled "Pensions and Retirement and Unemployment Compensation." *Subtitle* 3 is entitled "County Pensions and Retirement." *Chapter* 10 of *Subtitle* 3 is entitled "Pension Funds" and the specific statutory provision here under attack is delimited by the *Title* and *Subtitle*. *Chapter* 10 encompasses only employees who are eligible for the pension funds set up thereunder and not employees who are not entitled to such pension benefits.

■ The present statute must be considered in the light of the fact that it is part of the broad pension fund scheme under *chapter* 10. *N. J. S. A.* 43:10–18.26 and *L.* 1943, *c.* 160 (the pension fund statute) are *in pari materia* (that is they relate to the same subject matter) and should "be construed together as a unitary and harmonious whole, in order that each may be fully effective." *City of Clifton v. Passaic County Board of Taxation*, 28 *N. J.* 411, 421 (1958). In light of these guiding principles, we conclude that the Legislature properly limited the scope of the statutory provision to those employees who are members of the retirement system under *chapter* 10. *Cf. Gordon v. State Employees' Retirement System of New Jersey*, 33 *N. J. Super.* 526 (*App. Div.* 1955); *Lewis v. Board of Education of City of Jersey City*, 66 *N. J. L.* 582 (*E. & A.* 1901).

■ It is well established that the Legislature has a wide range of discretion in determining classifications and distinctions will be presumed to rest upon a rational basis "if there be any conceivable state of facts which would afford reasonable support for them." *Wilson v. City of Long Branch*, 27 *N. J.* 360, 377 (1958). A "conceivable state of facts," and one reasonably assumed, although not explicitly stated in the record, could be that the Legislature

decided to exclude from retirement those over 65 and not members of the retirement system because the non-members would have no pension upon which to rely. A classification based on the ground of financial ability to care for oneself and a policy judgment as to the desirability of limiting those over 65 in this type of hazardous work are reasonable approaches to a serious problem for the individuals concerned and for the welfare of the county.

We hold that a substantial difference does exist between the court attendants who are members of the retirement system and those who are not; that none has been excluded from the reach of this statute who should have been included, and that the legislative classification is reasonable. *Egan v. Erie Railroad Company,* 29 *N. J.* 243, 253 (1959); *State v. Garden State Racing Ass'n,* 136 *N. J. L.* 173, 177 (*E. & A.* 1947).

Plaintiff also contends that the statute is unconstitutional in that by the use of the word "may" an absolute discretion is conferred upon the board of freeholders to retire or not to retire an employee and upon the sheriff to continue or not to continue an employee in service after age 65 with the permission of the board of freeholders. Defendants contend that the word "may" should be read in a mandatory sense and have the same statutory effect as the word "shall."

In determining whether a statute is mandatory or directive regard shall be had to the purpose and intent of the Legislature. Mr. Justice Heher in *Leeds v. Harrison,* 9 *N. J.* 202, 213 (1952) stated:

"'May' is a permissive and not an imperative verb which is to be given its natural and ordinary meaning, barring a clear contextual indication of a different usage. The question is essentially one of legislative intent, to be gathered from the nature and object of the statute considered as a whole; and in that inquiry public and individual rights are sometimes factors to be regarded."

The word "may" is ordinarily permissive or directory, and the words "must" and "shall" are generally mandatory.

Such terms, however, have been held to be interchangeable whenever necessary to execute the clear intent of the Legislature. The problem is primarily one of ascertaining the intent of the Legislature. 3 *Sutherland, Statutory Construction* *(Horack, 3rd ed.* 1943), 77. Such intent may be implied from the language used or inferred on grounds of policy and reasonableness. In *State v. Mayor, etc., of City of Newark,* 28 *N. J. L.* 491, 497–498 *(Sup. Ct.* 1860), Mr. Justice Whelpley stated:

"* * * Words giving power or permission to do an act which concerns the public interest, when applied to a public body or officers, are to be construed as requiring the act to be done, although the phraseology of the statute be permissive merely, not peremptory, whenever there is nothing in the act save the permissive form of the expression, as may appoint, or shall have power to do so, to denote that the legislature designed to lodge a discretion in the body authorized to act."

In *City of Bayonne v. North Jersey, etc., Commission,* 30 *N. J. Super.* 409, 417–419 *(App. Div.* 1954), it was held that the word "may" must be given "a mandatory significance where it is employed in a statute to delegate a power, the exercise of which is important for the protection of public interests and where it can clearly be taken from the nature and the object of the statute, a mandatory significance was intended." And in *Union Terminal Cold Storage Co. v. Spence,* 17 *N. J.* 162, 166 (1954), we held that, although there is a presumption that the word "shall" is used in a mandatory and imperative sense, "It is also a fundamental rule of statutory construction that every requirement of the act must have the full effect the language imports unless such interpretation of the words will lead to great inconvenience or subversion of some important object of the act or would lead to an absurdity."

When the purposes of the pension plan and the language of the statement appended to this particular statute are considered together, it is obvious that from the nature and the object of the statute a mandatory connota-

tion was intended for the word "may." The statement of purpose attached to the statute reads, in part, "This bill will *require* pensionable court attendants * * * to retire at 65 *. * * unless after physical examination" the board finds they can carry on their duties to age 70. We agree with defendants' contention that the statement attached to the statute illustrates that the purpose is to retire all court attendants at age 65 who are members of the retirement system.

Plaintiff further urges that the statute is unconstitutional in that it does not set up sufficient standards to guide the sheriff and the board of freeholders in their determinations as to whether to retain or not to retain an employee after age 65. The statute sets forth certain standards, namely, "good physical and mental condition and able to fully perform his or her duties." The statute and the statement of purpose appended thereto clearly indicate that the Legislature intended to confer some discretion upon the sheriff to recommend and upon the board of freeholders to approve the retention of a court attendant after age 65 provided he is mentally and physically able. But implicit from the very thesis of the act that there be compulsory retirement at 65 is the additional standard that the sheriff and board of freeholders may continue an employee beyond that age only if the circumstances demonstrate that the public interest will be furthered by such exceptional treatment. Compare *Lane v. Holderman*, 23 *N. J.* 304, 319 (1957); *Elizabeth Federal Savings & Loan Ass'n v. Howell*, 30 *N. J.* 190 (1959); 8 *Rutgers L. Rev.* 397 (1953–1954) and *Davis, Administrative Law*, 44 (1951).

It is not our prerogative to pass judgment upon the wisdom of the Legislature in enacting a law. It is within our province only to ascertain whether the Legislature has kept within its powers. *State v. Garden State Racing Association, supra* (136 *N. J. L.*, at *page* 176). We hold that the statutory classification is reasonable and the statute is not within the constitutional interdiction. *Raymond v.*

*Township Council of Teaneck,* 118 *N. J. L.* 109, 111 *(E. & A.* 1937).

In view of the conclusion we reach that the classification adopted in the statute is not arbitrary and is based upon material and substantial distinctions reasonably related to the subject matter of the legislation, we find that there is no violation of plaintiff's constitutional rights under the due process and equal protection clauses. *Egan* case, *supra* (29 *N. J.* at *page* 253); *cf. Hartford Steam Boiler Inspection & Ins. Co. v. Harrison,* 301 *U. S.* 459, 57 *S. Ct.* 838, 81 *L. Ed.* 1223 (1937); *Gulf, C. & S. F. R. Co. v. Ellis,* 165 *U. S.* 150, 17 *S. Ct.* 255, 41 *L. Ed.* 666 (1897); *DeMonaco v. Renton,* 18 *N. J.* 352, 358–360 (1955); *Sarner v. Township of Union,* 55 *N. J. Super.* 523 *(Law Div.* 1959).

Affirm, without costs.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*For reversal*—None.