132 N.J. Super. 209 (1975)
333 A.2d 279
ARLETHIA JONES, PLAINTIFF-APPELLANT,
v.
JAMES BUFORD, DIRECTOR OF HEALTH AND WELFARE, AS AGENT FOR ROY L. MANAGEMENT CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 13, 1975.
Decided February 5, 1975.
*210 Before Judges MICHELS, MORGAN and MILMED.
*211 Mr. James B. Ventantonio argued the cause for appellant (Mr. Stanley Varon, attorney on the brief).
Mrs. Zulima V. Farber argued the cause for respondent (Mr. Milton A. Buck, Corporation Counsel of the City of Newark, attorney).
The opinion of the court was delivered by MILMED, J.S.C., Temporarily Assigned.
Plaintiff, a tenant in an apartment building in Newark owned by Roy L. Management Corporation, appeals from the denial by the Law Division of her claim for relief under N.J.S.A. 26: 3-31, subsection (p). The court there held that it was "without jurisdiction to compel the relief prayed for by the plaintiff." We accelerated the time schedule of the appeal pursuant to R. 2:9-2.
The facts are not in dispute. Plaintiff is a tenant in the apartment building located at 448 Fairmount Avenue in Newark. She seeks the furnishing of heat and hot water to her apartment in accordance with the terms of her tenancy. To this end she seeks to compel defendant to act as agent for the landlord to engage repairmen and order parts necessary to restore the boiler at the premises to operating condition, the repairmen and materialmen to bill the landlord directly for the costs and to file a notice, approved by defendant, with the county clerk, resulting in a lien on the premises in their favor, all pursuant to N.J.S.A. 26:3-31(p).
On and after October 1, 1974 plaintiff notified the landlord, Roy L. Management Corporation, that there was no heat and no hot water in the building because the boiler at the premises was broken. She also informed the Division of Inspections of the Department of Health and Welfare of the City of Newark of the situation. An inspection was made; the boiler at the premises is broken; the landlord claims that it is financially unable to make the necessary *212 repairs; although the outside air temperature has been under 55° F., no heat or hot water has been provided and no action to remedy the situation has been taken by the landlord or defendant Director of Health and Welfare. At the time of the hearing in the Law Division plaintiff was the only tenant in the building who was current in the payment of rent.
Defendant contends that the provisions of N.J.S.A. 26:3-1 et seq. are not applicable to him; that his authority is derived from the City Council of Newark in accordance with the provisions of the Faulkner Act, N.J.S.A. 40:69A-1 et seq.[1]; that he "is empowered merely to recommend enactment, alteration or amendment of ordinances"; that the powers of a local board of health to adopt ordinances, as set forth in N.J.S.A. 26:3-31, are discretionary only; that the Newark Department of Health and Welfare has not adopted any ordinance on the subject set forth in N.J.S.A. 26:3-31(p); and that, accordingly, plaintiff is not entitled to the relief which she seeks.
We find no merit in defendant's contention. As pointed out in Myers v. Cedar Grove Tp., 36 N.J. 51 (1961):
* * * it is essential that there be in every municipality a body charged with the duty of enforcing the substantive provisions of the general law, Title 26. See N.J.S.A. 40:69A-26. However, N.J.S.A. 26:1-1 and N.J.S.A. 26:3-1 provide that such body need not be an autonomous board of health. [at 61-62]
N.J.S.A. 26:1A-1 defines the terms "local board" or "local board of health" as used in the legislation establishing the State Department of Health in the Executive Branch of the State Government, L. 1947, c. 177, as amended, N.J.S.A. 26:1A-1 et seq., as follows:
*213 "Local board" or "local board of health" means the board of health of any municipality or the boards, bodies or officers in such municipality lawfully exercising any of the powers of a local board of health under the laws governing such municipality, and includes any consolidated local board of health or county local board of health created and established pursuant to law. [Emphasis supplied]
N.J.S.A. 26:3-1 provides that:
There shall be a board of health in every municipality in this State, except in those municipalities which are included within a consolidated local health district, or a county local health district, which board shall consist of members appointed or designated, or both, as provided by this chapter, except that in any municipality operating under laws establishing a form of government for such municipality under which the full powers of a local board of health can not be exercised by a local board of health so appointed or designated, the respective functions of a local board of health shall be exercised by such boards, bodies, or officers as may exercise the same according to law. [Emphasis supplied]
The pertinent provisions of N.J.S.A. 26:3-31 read as follows:
The local board of health shall have power to pass, alter or amend ordinances and make rules and regulations in regard to the public health within its jurisdiction, for the following purposes:
* * *
m. To require in buildings, designed to be occupied, or occupied, as residences by more than two families and when the owners have agreed to supply heat, that from October 1 of each year to the next succeeding May 1, every unit of dwelling space and every habitable room therein shall be maintained at least at 68° F. whenever the outside temperature falls below 55° during daytime hours from 6 a.m. to 11 p.m. At times other than those specified interiors of units of dwelling space shall be maintained at least at 55° F. whenever the outside temperature falls below 40° .
In meeting the aforesaid standards, the owner shall not be responsible for heat loss and the consequent drop in the interior temperature arising out of action by the occupants in leaving windows or doors open to the exterior of the building. The owner shall be obligated to supply required fuel or energy and maintain the heating system in good operating condition so that it can supply heat as required herein notwithstanding any contractual provision seeking to delegate or shift responsibility to the occupant or third person, except that the owner shall not be required to supply fuel or energy for heating purposes to any unit where the occupant thereof agrees in *214 writing to supply heat to his own unit of dwelling space and the said unit is served by its own exclusive heating equipment for which the source of heat can be separately computed and billed.
* * *
p. To act as the agent for a landlord in the engaging of repairmen and the ordering of any parts necessary to restore to operating condition the furnace, boiler or other equipment essential to the proper heating of any residential unit rented by said landlord, provided, however, that at least 24 hours have elapsed since the tenant has lodged a complaint with the local board of health, prior to which a bona fide attempt has been made by the tenant to notify the landlord of the failure of the heating equipment, and the landlord has failed to take appropriate action, and the outside air temperature is less than 55° F.
Any person who supplies material or services in accordance with this section shall bill the landlord directly and by filing a notice approved by the local board of health, with the county clerk, shall have a lien on the premises where the materials were used or services supplied.
The provisions of N.J.S.A. 26:3-31 are applicable to the City of Newark, N.J.S.A. 40:69A-26 and N.J.S.A. 40:69A-28, a municipality within the exception clause of N.J.S.A. 26:3-1. In such municipality the functions of a local board of health are to be "exercised by the appropriate officials under the laws governing" the municipality, Myers v. Cedar Grove Tp., supra, 36 N.J. at 58, including its department of health and welfare and the director thereof. Revised Ordinances of the City of Newark, New Jersey (1966), § 2:10-1 et seq.[2]
*215 The power expressed in N.J.S.A. 26:3-31(p) is clearly administrative (as distinguished from legislative) in nature.[3] The grant of that power is of a mandatory character. The public interest in the health, safety and welfare of tenants of residential units requires such construction, and "no clear legislative intent to the contrary appears from the context of the Act." Como Farms, Inc. v. Foran, 6 N.J. Super. 306, 311 (App. Div. 1950); and see, Clark v. Elizabeth, 61 N.J.L. 565, 581 (E. & A. 1898); Fagan v. Hoboken, 85 N.J.L. 297, 299 (E. & A. 1913). "The intention emerges from the spirit and policy of the statute rather than the literal sense of particular terms." Caputo v. The Best Foods, 17 N.J. 259, 264 (1955). It is apparent from the nature and scope of the legislation that the Legislature intended that the members of the residential renting public, for whose protection the statute was enacted, should have the right to have the power thus conferred, exercised for their benefit.
A grant of power to public officers, where individuals or the public have a right that it be exercised for their benefit, is mandatory * * * * [2A Sutherland, Statutory Construction (4th ed., Sands, 1973) § 57.17 at 441.]
See also, Bayonne v. North Jersey, etc., Comm'n., 30 N.J. Super. 409, 417-419 (App. Div. 1954); Harvey v. Essex Cty. Bd. of Freeholders, 30 N.J. 381, 391-392 (1959); 67 C.J.S., Officers, § 113, p. 399.
*216 The Plaintiff is, accordingly, entitled to the relief sought in the complaint which she filed in the Law Division, i.e., enforcement of the provisions of N.J.S.A. 26:3-31(p) insofar as they relate to the broken boiler in the subject premises. The order denying that relief is reversed and the matter is remanded to the Law Division for the entry of an appropriate order in accordance with this opinion.
NOTES
[1] Newark is governed by the "mayor-council plan C" form of government under the Optional Municipal Charter Law, commonly referred to as the Faulkner Act (L. 1950, c. 210; N.J.S.A. 40:69A-55 et seq.)
[2] Section 2:10-2(b) of these Revised Ordinances requires the Director of Health and Welfare, the head of the Newark Department of Health and Welfare, "Through the departmental divisions and otherwise," to, among other things: "(2) Enforce housing laws and housing ordinances, and administer related inspections," and "(5) Administer state laws and ordinances relating to public health." Section 2:10-4 of the Revised Ordinances, as amended, requires the Division of Health in the Department to, among other things, "(a) Administer statutes and ordinances conferring functions, powers and duties upon a board or department of health or a local health officer," and "(b) Enforce statutes and ordinances ensuring a healthful environment and related inspections."
[3] Newark ordinances on the subject of N.J.S.A. 26:3-31, subsection (m) have been part of "the housing code" of the city (e.g., Revised Ordinances, op. cit., §§ 15:4-10, 15:4-13 and 15:4-14, as amended) since before the enactment of subsection (m) in its present form by L. 1971, c. 360, § 1, effective December 21, 1971. Consequently, all that is at issue here is the fulfillment of the ministerial function expressed in N.J.S.A. 26:3-31 subsection (p), for which no ordinance is required. Whether or not powers conferred in other subsections of the statute are legislative and accordingly discretionary is of no moment in the construction of subsection (p).