NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS.  A-4038-17T4
                      A-2490-18T3

IN THE MATTER OF M.M.,[1]
DEPARTMENT OF HUMAN
SERVICES.

_____

APPROVED FOR PUBLICATION

March 19, 2020

APPELLATE DIVISION

Submitted February 3, 2020 – Decided March 19, 2020

Before Judges Messano, Vernoia and Susswein.

On appeal from the New Jersey Civil Service Commission, Docket Nos. 2018-138 and 2019-378.

Szaferman, Lakind, Blumstein & Blader, PC, attorneys for appellant M.M. (Robert G. Stevens, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent New Jersey Civil Service Commission (Melissa Dutton Schaffer, Assistant Attorney General, of counsel in A-4038-17; Melissa H. Raksa, Assistant Attorney General, of counsel in A-2490-18; Steven Michael Gleeson, Deputy Attorney General, on the briefs).

The opinion of the court was delivered by

VERNOIA, J.A.D.

_____

[1] Initials are used for appellant M.M. and her co-workers in accordance with those designations as used in the Final Administrative Actions of the Civil Service Commission.  See N.J.A.C. 4A:7-3.2(g).

In these two appeals (A-4038-17 and A-2490-18) scheduled back-to-back and now consolidated for purpose of issuing a single opinion, we decide whether the Civil Service Commission (Commission) properly concluded it lacked jurisdiction over M.M.'s appeals from her appointing authority's two findings she violated the New Jersey State Policy Prohibiting Discrimination in the Workplace (State Policy), N.J.A.C. 4A:7-3.1, and the concomitant imposition of disciplinary action for each violation. Based on our review of the record, we conclude M.M. could not directly appeal to the Commission because N.J.A.C. 4A:7-3.2(n) authorizes direct appeals to the Commission only where disciplinary action is not imposed. Because disciplinary action was imposed in both instances here, M.M. could not file a direct appeal with the Commission and was required to first challenge the findings and discipline in a departmental hearing or, if applicable, pursuant to the procedure in a collection negotiations agreement in accordance with N.J.A.C. 4A:2-2 and -3.

I.

M.M. is a career service employee at a State hospital which, during the times relevant to these appeals, was first administered by the New Jersey Department of Human Services (DHS) and later by the New Jersey Department of Health (DOH). In 2012, she filed a departmental complaint alleging her supervisor subjected her to sexual harassment, discrimination, and a hostile

work environment in violation of the State Policy. DHS's Equal Employment Opportunity (EEO) office investigated M.M.'s allegations and made findings, which DHS's Assistant Commissioner reviewed before determining M.M.'s allegations were not substantiated.

The Commission denied M.M.'s appeal from the Assistant Commissioner's determination and rejected her request that the matter be referred to the Office of Administrative Law for an evidentiary hearing. On her appeal from that decision, we concluded an evidentiary hearing was required to determine if the State Policy had been violated, reversed the Commission's decision, and remanded for a hearing. In re M.M., No. A-5949-12 (App. Div. May 12, 2015) (slip op. at 14).

On remand, an administrative law judge conducted a nine-day hearing and issued a March 21, 2019 decision finding M.M. failed to "demonstrate by a preponderance of the credible evidence any violations of the State Policy against discrimination by [the hospital], any sexual harassment or hostile work environment," or that "there was any retaliation . . . as a result of [M.M.'s] filing of" her complaints. The Commission accepted the administrative law judge's finding and issued a final decision dismissing M.M.'s appeal.

A-4038-17T4

M.M. appealed from the Commission's decision, and her appeal is separately pending before this court.[2] We do not address that appeal, and offer no opinion on its merits. We reference M.M.'s initial departmental complaint, its disposition, and her appeal from the Commission's decision only to provide context for our discussion of M.M.'s appeals from two other determinations we address in this opinion.

A-4038-17

In July 2017, DHS's Office of Legal Affairs sent M.M. a letter advising that a co-worker, Dr. J.U., reported M.M. for referring to a co-employee as a "bitch" in a voicemail message concerning work-related matters. The letter further advised that an investigation and review of the voicemail recording confirmed M.M.'s use of the term "bitch"; her use of the term violated the State Policy; and the matter was being referred to the hospital's director or chief executive officer for administrative action. The letter further noted M.M. could appeal the finding she violated the State Policy to the Commission, but if she was "subjected to disciplinary action as a result of [the] finding, [she] must appeal through the [hospital's] disciplinary process."

M.M. appealed the finding to the Commission, denied ever referring to a co-employee as a "bitch," and requested an evidentiary hearing. M.M. further

_____

[2] In re M.M., A-4189-18 (App. Div. filed May 30, 2019).

asserted that the hospital, DHS, and Dr. J.U. continued to discriminate and harass her, and that they retaliated against her because she complained in 2012 about the discriminatory, harassing, and retaliatory conduct that was the subject of the then-pending hearing before the administrative law judge.

The Commission responded to the appeal in a letter stating that where a violation of the State Policy has been substantiated but no disciplinary action is recommended, N.J.A.C. 4A:7-3.2(n) provides that "the party(ies) against whom the complaint was filed may appeal the determination to the [Commission] . . . within [twenty] days of receipt of the final letter of determination." The Commission further noted that where a violation has been substantiated and disciplinary action is recommended in the final letter of determination, N.J.A.C. 4A:7-3.2(n)(3) provides "any party charged . . . may appeal using the procedures set forth in N.J.A.C. 4A:2-2 and [-]3."

The Commission noted that, although DHS determined M.M. violated State Policy, the hospital had not yet disclosed if disciplinary action would be taken. The Commission requested that the parties provide information about whether M.M. was subject to disciplinary action so the appeal could proceed in the proper manner.

On October 3, 2017, the hospital, as the appointing authority, issued a Preliminary Notice of Disciplinary Action charging M.M. with conduct

unbecoming a public employee in violation of N.J.A.C. 4A:2-2.3(a)(6); discrimination and/or sexual harassment in violation of N.J.A.C. 4A:2-2.3(a)(9); and other sufficient cause in violation of N.J.A.C. 4A:2-2.3(a)(12). The notice stated M.M. was subject to an official written reprimand, which constituted minor discipline; M.M. "admitted to the EEO Investigator that [she] used [the] term ["bitch"] on the voice message"; and it was "determined that [M.M.] violated the" State Policy.

In an October 26, 2017 letter, the Commission informed M.M.'s counsel it would not consider the appeal because M.M. received disciplinary action. The Commission reiterated that N.J.A.C. 4A:7-3.2(n) allowed a direct appeal to the Commission from a determination an employee violated the State Policy only where no disciplinary action is taken, and, because disciplinary action was taken by the hospital, M.M. could appeal "using procedures set forth in N.J.A.C. 4A:2-2 and [-]3."

The Commission later issued a March 29, 2018 final decision dismissing the appeal and finding that, because the hospital imposed discipline in the form of an official written reprimand, N.J.A.C. 4A:7-3.2(n)(3) required that M.M. appeal in a departmental hearing pursuant to N.J.A.C. 4A:2-2 and -3. The Commission further noted that "[w]hether major or minor discipline is recommended, an employee may be represented at the departmental hearing by

an attorney where the full opportunity to present arguments and witnesses is afforded." The Commission rejected M.M.'s contention the hospital's actions were related to her prior discrimination and harassment claim, noting M.M. "presented no substantive evidence" to support the argument. We consider M.M.'s appeal from the Commission's final decision in A-4038-17.

A-2490-18

Four months later, in a July 30, 2018 letter, the DOH's Office of Diversity and Equity Services (ODES) informed M.M. that it completed an investigation of an August 2017 complaint from Dr. J.U. that M.M. violated the State Policy by breaching confidentiality. More particularly, ODES advised M.M. that its investigation revealed M.M. violated the State Policy by discussing her participation in an EEO office investigation with a co-employee, Dr. J.B. ODES substantiated the violation and informed M.M. the matter would "be forwarded to [the hospital's] Office of Employee Relations for review and further action as [it] deem[s] appropriate."

M.M. appealed the finding to the Commission, which responded in a letter requesting that the parties explain whether M.M. would be subject to disciplinary action so the proper appeal process could be determined. The hospital provided the Commission with a Preliminary Notice of Disciplinary Action charging M.M. with conduct unbecoming a public employee, in

violation of N.J.A.C. 4A:2-2.3(a)(6); other sufficient cause, in violation of N.J.A.C. 4A:2-2.3(a)(12); and violating Administrative Order 4:08 E1.2;[3] and imposing a five-day suspension. In a letter, the Commission informed M.M.'s attorney that it lacked jurisdiction under N.J.A.C. 4A:7-3.2(n)(3) to consider the appeal because the hospital imposed disciplinary action. M.M.'s counsel's request that the Commission reconsider its decision was denied, and M.M. appealed. In A-2490-18, we consider M.M.'s appeal from the Commission's decision.

In each appeal, M.M. presents the following, identical arguments for our consideration:

> POINT I
>
> THE CIVIL SERVICE COMMISSION ERRED IN CONCLUDING THAT IT LACKED JURISDICTION TO HEAR APPELLANT'S APPEAL OF THE DISCIPLINARY ACTION TAKEN AGAINST HER BY THE DEPARTMENT OF HUMAN SERVICES [AND DEPARTMENT OF HEALTH] AND HER CLAIM THAT THAT DISCIPLINARY ACTION CONSTITUTES RETALIATION FOR HER CLAIM AGAINST THE DEPARTMENT[S] ALLEGING VIOLATIONS OF THE STATE POLICY PROHIBITING DISCRIMINATION IN THE WORK PLACE[.]

---

[3] The Preliminary Notice of Disciplinary Action is dated August 22, 2018, one day prior to the Commission's letter requesting to be advised if disciplinary action was to be imposed.

POINT II

THE DEPARTMENT OF HUMAN SERVICES' [AND DEPARTMENT OF HEALTH'S] COMPLAINT[S] AGAINST APPELLANT, AND HER DEFENSE TO [THOSE] COMPLAINT[S], RAISE MATERIAL AND CONTROLLING ISSUES OF FACT THAT REQUIRE AN EVIDENTIARY HEARING[.]

II.

"The scope of appellate review of a final agency decision is limited," and we will not overturn an agency's final decision "in the absence of a showing that it was arbitrary, capricious or unreasonable, or that it lacked fair support in the evidence." In re Carter, 191 N.J. 474, 482 (2007) (citation omitted).

Generally, review of an agency decision is

> restricted to three inquiries: (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [In re Proposed Quest Acad. Charter Sch. of Montclair Founders Grp., 216 N.J. 370, 385 (2013) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

The person challenging an agency action has "[t]he burden of showing that an action was arbitrary, unreasonable or capricious." McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002) (citing Barone v. Dep't of Human Servs., Div. of Med. Assistance & Health Servs., 210 N.J. Super. 276, 285 (App. Div. 1986)).

Here, M.M. challenges the Commission's determination she could not appeal directly to the Commission from the hospital's findings and imposition of discipline for violations of the State Policy. The Commission based its determination on N.J.A.C. 4A:7-3.2(n), which sets forth the procedure for appeals from findings an employee violated the State Policy, and from the imposition of discipline for a violation. In pertinent part, the regulation states:

> (n)  In a case where a violation has been substantiated, and no disciplinary action recommended, the party(ies) against whom the complaint was filed may appeal the determination to the Civil Service Commission . . . within 20 days of receipt of the final letter of determination by the State agency head or designee.
>
>     . . . .
>
> 3. If disciplinary action has been recommended in the final letter of determination, any party charged who is in the career service may appeal using the procedures set forth in N.J.A.C. 4A:2-2 and [-]3.
>
> [N.J.A.C. 4A:7-3.2(n) and (n)(3) (emphasis added).]

The regulation provides two appeal processes from determinations an employee violated the State Policy. Where no disciplinary action is recommended, an employee may appeal directly to the Commission. N.J.A.C. 4A:7-3.2(n). In contrast, an employee for whom disciplinary action has been recommended may appeal using the procedures set forth in N.J.A.C. 4A:2-2 and -3. N.J.A.C. 4A:7-3.2(n)(3).

M.M. does not dispute that the letter of reprimand and five-day suspension the hospital imposed for her violations of the State Policy constitute disciplinary action within the meaning of N.J.A.C. 4A:7-3.2(n) and (n)(3).[4] She claims, however, the term "may" in the regulations is permissive and not mandatory. She argues that, even though she was subject to disciplinary action for both findings she violated the State Policy, an appeal in accordance with N.J.A.C. 4A:7-3.2(n)(3) was not required, and that she had the option to appeal directly to the Commission pursuant to N.J.A.C. 4A:7-3.2(n). The Commission asserts the term "may" in the regulations refers solely to an employee's choice to appeal at all—any employee "may" or "may not"

---

[4] N.J.A.C. 4A:2-2 consists of subsections 2.1 through 2.13, and addresses the imposition of major discipline, which is defined as "[r]emoval," "[d]isciplinary demotion," and a "[s]uspension or fine for more than five working days," N.J.A.C. 4A:2-2.2(a)(1)–(3). N.J.A.C. 4A:2-3 consists of subsections 3.1 through 3.7, and addresses minor discipline, which is defined as "a formal written reprimand or a suspension or fine of five working days or less," N.J.A.C. 4A:2-3.1(a).

11

choose to appeal—and does not grant an employee an option to choose the forum for an appeal once the decision to appeal is made.

We accord "substantial deference to an agency's interpretation of a statute that the agency is charged with enforcing," Bowser v. Bd. of Trs., 455 N.J. Super. 165, 170-71 (App. Div. 2018) (quoting Richardson v. Bd. of Trs., 192 N.J. 189, 196 (2007)), and to its "interpretation of . . . regulations within its implementing and enforcing responsibility," Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001). "Such deference is required because 'agencies have the specialized expertise necessary to enact regulations dealing with technical matters . . . .'" In re Centex Homes, LLC, 411 N.J. Super. 244, 251 (App. Div. 2009) (quoting N.J. State League of Municipalities v. Dep't of Cmty. Affairs, 158 N.J. 211, 222 (1999)). We will sustain an agency's interpretation of its regulations "provided it is not plainly unreasonable." In re Raymour and Flanigan Furniture, 405 N.J. Super. 367, 376 (App. Div. 2009) (quoting Merin v. Maglaki, 126 N.J. 430, 436-37 (1992)).

To be sure, use of the term "may" connotes the permissive. See Aponte-Correa v. Allstate Ins. Co., 162 N.J. 318, 325 (2000); Harvey v. Bd. of Chosen Freeholders, 30 N.J. 381, 391 (1959). But M.M. ignores the plain language and context of the regulations in arguing the term "may" permits her to choose

12                                                                    A-4038-17T4

the forum in which her appeal from the hospital's determinations and imposition of discipline will be heard.

In our interpretation of regulations, we give effect to their plain language. See J.H. v. R&M Tagliareni, LLC, 239 N.J. 198, 214 (2019) ("A 'regulation should be construed in accordance with the plain meaning of its language'" (quoting Medford Convalescent & Nursing Ctr. v. Div. of Med. Assistance & Health Servs., 218 N.J. Super. 1, 5 (App. Div. 1985))). Here, the plain language of the regulations undermines M.M.'s interpretation.

The regulations describe what an employee "may" do, but only with respect to appealing; they provide that an employee "may appeal." The term "may" cannot be logically read or interpreted separately from the term "appeal." Of course, an employee aggrieved by a finding he or she violated the State Policy is not required to appeal, and the Civil Service Act, N.J.S.A. 11A:1-1 to 12-6, does not grant the Commission authority to mandate that an employee appeal such a determination. Thus, the term "may appeal" in the regulations is consistent with the simple and irrefutable notion that an aggrieved employee is not obligated to appeal a determination he or she violated the State Policy; instead the employee "may appeal" if he or she opts to do so. The use of the term "may appeal" means nothing more or less, and we cannot properly interpret the regulation in a manner "'other than the "one

expressed by way of the plain language."'"  J.H., 239 N.J. at 214 (quoting U.S. Bank, NA v. Hough, 210 N.J. 187, 199 (2012)).

Moreover, the term "may appeal," when properly considered in context, see ibid. (noting a regulation must be construed "in a manner that makes sense when read in the context of the entire regulation" (quoting Medford, 218 N.J. Super. at 5)), is wholly unrelated to the venue for the proper filing of an appeal.  Neither regulation provides that an employee may appeal by either filing a direct appeal with the Commission or by following the appeal procedures set forth in N.J.A.C. 4A:2-2 and -3, but that is the interpretation of the regulations M.M. urges.

Under N.J.A.C. 4A:7-3.2(n), an employee who is found to have violated the State Policy but is not subject to discipline may appeal if he or she chooses to do so, but if he or she appeals, the regulation provides only for a direct appeal to the Commission.  In contrast, under N.J.A.C. 4A:7-3.2(n)(3), an employee who is subject to discipline for violating the State Policy may also choose to appeal, but the regulation only provides for an appeal pursuant to the procedures in N.J.A.C. 4A:2-2 and -3.  If the Commission intended that employees facing disciplinary action and those not facing disciplinary action could either file a direct appeal or follow the appeal procedures set forth in N.J.A.C. 4A:2-2 and -3, the regulations would have expressly provided for

14

such a result. We cannot write appeal processes into the regulations that the Commission did not adopt in the first instance. See J.H., 239 N.J. at 214 ("'[I]t is not our function to "rewrite a plainly-written enactment[.]"'" (quoting U.S. Bank, NA, 210 N.J. at 199)).

M.M.'s interpretation of "may," which would grant employees facing disciplinary action and those not facing disciplinary action the identical appeal processes, renders the distinct and plain language of each of the regulations a nullity. The Commission's adoption of separate regulations providing for separate appeal processes makes no logical sense if each of the regulations could be properly interpreted to allow identical appeal processes. In other words, there is no reason for the two regulations if, as M.M. suggests, they each provide an identical appeal process. We are required to interpret the regulation sensibly and not in a manner that leads to an absurd result. In re N.J.A.C. 12:17-2.1, 450 N.J. Super. 152, 166-67 (App. Div. 2017). The Commission's interpretation of the regulations—which provides for different appeal processes depending on whether disciplinary action has been imposed—is reasonable because it gives effect to the distinctive, but plain, language of the two regulations.

In sum, M.M.'s interpretation of the term "may" ignores the plain language of the regulations, fails to give effect to the separate regulations, and

is inconsistent with the Commission's interpretation, which we do not find is "plainly unreasonable," see In re Raymour and Flanigan, 405 N.J. Super. at 376. Under our "highly circumscribed" review of the Commission's interpretation of the regulations, see J.H., 239 N.J. at 214, we discern no basis to reverse its determination that, because the hospital imposed disciplinary actions for her violations of the State Policy, M.M. was required to appeal in accordance with the procedures set forth in N.J.A.C. 4A:2-2 and -3.

The hospital imposed minor discipline for each violation, N.J.A.C. 4A:2-3.1(a), and M.M. is therefore required to appeal in the first instance in accordance with the requirements, if any, of an applicable collective negotiations agreement, N.J.A.C. 4A:2-3.2(a), or, if there is no applicable collective negotiations agreement, she must pursue her appeal in a departmental hearing, N.J.A.C. 4A:2-3.2(b).[5]

---

[5] In the Commission's decision on M.M.'s appeal from the imposition of the written reprimand, it noted that M.M. is represented by "the Communications Workers of America . . ., which has opted out of the disciplinary process as regulated in" N.J.A.C. 2:2-1(c) and (d). The record does not include a copy of an applicable collective negotiations agreement, and we offer no opinion as to whether M.M.'s appeal must be in a departmental hearing or in another forum in accordance with a procedure set forth in a collective negotiations agreement. We hold only that M.M. could not file a direct appeal with the Commission, and she must pursue her appeal in accordance with the requirements of N.J.A.C. 4A:7-3.2(n)(3).

A-4038-17T4

Contrary to M.M.'s contention, requiring that she pursue her appeals in accordance with the requirements of N.J.A.C. 4A:7-3.2(n)(3) does not deprive her of a hearing. She is entitled to either a departmental hearing at which she has the right to counsel, to review the evidence, and to present evidence and witnesses, N.J.A.C. 4A:2-3.6(c); or a hearing in accordance with the procedure set forth in an applicable collective negotiations agreement. In addition, M.M. is not without recourse to the Commission. She may appeal to the Commission following a departmental hearing resulting in minor discipline as permitted by, and in accordance with, N.J.A.C. 4A:2-3.7.

M.M. also contends she was entitled to appeal directly to the Commission pursuant to N.J.S.A. 11A:2-24, which provides that an employee "who is the subject of a reprisal action . . . may appeal such action to the . . . Commission." We do not address the issue because M.M. did not argue before the Commission that she was subject to a purported "reprisal action" within the meaning of N.J.S.A. 11A:2-24, or that she was entitled to a direct appeal to the Commission under the statute. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); see also State v. Robinson, 200 N.J. 1, 19 (2009) ("Appellate review is not limitless. The jurisdiction of appellate courts rightly

is bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION